DETERMINED IN

# THE SUPREME COURT

OF THE

## TERRITORY OF NEW MEXICO.

### JANUARY TERM, 1869.

---

## NESTOR GARCIA *v.* TERRITORY OF NEW MEXICO.

BILL OF EXCEPTIONS, ABSENCE OF.—Although an affidavit, purporting to set forth the evidence given on the trial, appears in the record on appeal, if the record does not show that a bill of exceptions containing the evidence was presented and signed by the judge, no question relating to the introduction or competency of evidence, or to the instructions to the jury, will be considered by the appellate court.

WHIPPING NOT A "CRUEL OR UNUSUAL PUNISHMENT."—The punishment of the crime of stealing mules by the infliction of not less than thirty, nor more than sixty, lashes on the bare back, as prescribed by the laws of New Mexico, is not a "cruel and unusual punishment," within the meaning of article eight of the amendments to the constitution of the United States, so as to render void the act authorizing it.

APPEAL from the district court for Bernalillo county. The facts are stated in the opinion.

*M. Ashurst,* for the appellant.

*S. B. Elkins, attorney-general,* for the appellee.

By Court, WATTS, C. J.:

Nestor Garcia was indicted by the grand jury for Bernalillo county, in the second judicial district, at the May term of said court, 1868, for larceny. The indictment charges him with stealing one mule of the value of two

hundred dollars, of the goods and chattels and personal property of Felipe Chaves.

A warrant for his arrest was issued and Garcia was arrested and brought into court. Garcia being without counsel to defend him, W. H. Henrie, an attorney-at-law of that court, was appointed to defend him. Garcia, on hearing the indictment read to him, pleaded not guilty; and a jury was called to try the case, and after hearing the evidence, brought into court the following verdict: ''We the jury do find the defendant guilty in manner and form as charged in the indictment herein." A motion was made for a new trial, and to set aside the verdict upon various grounds set forth in the motion, and after argument had, said motion for a new trial was overruled by the court. A motion was then made to arrest the sentence and judgment in the case, which motion was overruled by the court. The court then proceeded to render the following judgment in the case: ''Now the said defendant being asked if he had anything to say why sentence should not pass in conformity with the verdict, answered, nothing. It is therefore considered by the court, that the said defendant Nestor Garcia, be whipped on Monday next, in conformity with the law, receiving thirty lashes on the bare back, well laid on, and that he be confined in the county jail of Bernalillo county until the costs in this behalf laid out and expended, to be taxed, be fully paid and satisfied."

The defendant in the court below, Nestor Garcia, then made the usual affidavit and gave the usual bond, and his case was appealed to the supreme court. A bill of exceptions setting forth the motion for a new trial, and in arrest of judgment, and the overruling of the same, was then tendered to the judge and signed by him. The record then contains what purports to be a copy of an affidavit of J. Bonifacio Chaves, purporting to set forth the evidence upon the trial of the case; but as the record does not show that any bill of exceptions containing all the evidence in the case as given by the witnesses was ever presented to the judge in the court below for signature, or ever signed by him, it is not important to consider what the evidence might

have been on the trial, or any questions as to the legality or illegality of the evidence admitted by the court below for the consideration of the jury, or the legal accuracy of the instructions to the jury.

In the compiled laws of New Mexico under the head of crimes, punishments, etc., sec. 37, pp. 340, 341, we find the following enactment upon which the indictment in this case is based, to wit: "Every person who shall be convicted of stealing a horse, mare, colt, or filly, horse mule or mare mule, ass or jennet, bullock, cow, or calf, sheep, goat, or hog, shall be punished by not less than thirty lashes, well laid on his bare back, nor more than sixty, at the discretion of the court trying such cause, and shall be confined in the county jail until the costs of the prosecution are paid and the sentence fully complied with."

The only point made by the appellant in this case is, that the law above cited, upon which this indictment is based, is unconstitutional, as it inflicts cruel and unusual punishment, prohibited by the eighth article of the amendments to the constitution.

Under the seventh section of the organic act of the ninth of September, 1850, power was given to the legislative assembly to legislate upon "all rightful subjects of legislation consistent with the constitution of the United States and the provisions of that act," and it was further provided that "all the laws passed by the legislative assembly and governor shall be submitted to the congress of the United States, and if disapproved shall be null and of no effect." There can be no doubt that the punishment of larceny is a rightful subject of legislation. This act was submitted to the congress of the United States, and has never been disapproved by that body.

The question now presents itself to the court thus: Is the law of New Mexico punishing the stealing of mules with not less than thirty nor more than sixty lashes, such cruel and unusual punishment as to render its infliction unconstitutional and the act itself void? All punishment is more or less cruel, and the kind of punishment to be inflicted upon criminals to induce reformation and repress and deter

the thief from a repetition of his larcenies has generally
been left to the sound discretion of the law-making power.
In old communities where law and order prevail, and some
security exists for property in the honesty of the people,
the mild remedy of imprisonment for theft is usually
adopted, but in new countries, without jails, with many
opportunities for thieves to steal and escape with their plun-
der, and no secure jails in which to confine them when con-
victed, a pressing necessity for the adoption of the punish-
ment of whipping for the offense of larceny exists. At
some stage in the existence of almost every state and terri-
tory, they have resorted to this mode of punishment, and
in no instance has its infliction been held to be unconstitu-
tional. Until recently, it was the common punishment in
the army for disobedience of orders and other trivial of-
fenses, and was never held to be unconstitutional.

In many of the states the practice of whipping criminals
convicted of theft has prevailed for over fifty years, with-
out any doubt as to its constitutionality. The state of
Texas, prior to the fifth of February, 1840, punished the lar-
ceny of a slave with death; but that act mitigated the punish-
ment to thirty lashes and imprisonment not less than one
year, nor exceeding five: See Hart Dig., art. 2340. The
practice of whipping for theft was planted here by the Span-
ish adventurers who first settled the valley of the Rio
Grande. It was found here as a usual mode of punishment
in 1846, when General Kearny took possession of New
Mexico, and was adopted and practiced by him, and has
been sanctioned by the legislative assembly ever since,
and certainly can not be considered an unusual punish-
ment. The word cruel, as used in the amendatory article
of the constitution, was no doubt intended to prohibit a
resort to the process of torture, resorted to so many cen-
turies as a means of extorting confessions from suspected
criminals, under the sanction of the civil law. It was never
designed to abridge or limit the selection by the law-mak-
ing power of such kind of punishment as was deemed most
effective in the punishment and suppression of crime. If
a father, without the charge of cruelty, may administer

stripes to his vicious and disobedient child, may not the supreme power of a territory, state, or nation administer the same kind of punishment to its vicious and lawless citizens? However averse the court may be to this mode of punishment, it can not authorize the court in disregarding and annulling the law providing for the punishment of this crime, and, until repealed, it is the duty of the court to enforce it.

It is ordered by the court that the judgment of the district court for the second judicial district, in and for Bernalillo county, territory of New Mexico, in the case of *Nestor Garcia, appellant,* v. *The Territory of New Mexico, appellee,* be affirmed, and the sheriff of Bernalillo county is ordered to execute the judgment rendered in this case, in the court below, on Friday, the twenty-ninth day of January, 1869; and that the said Garcia be confined in the county jail until the costs of the prosecution are paid and the sentence fully complied with; and that a duly certified copy of this order be sent to the sheriff of Bernalillo county, and the clerk of the United States district court for the second judicial district, under the seal of the clerk of this court, which shall be ample authority to the sheriff of Bernalillo county for the execution of the judgment of the United States district court for the second judicial district, herein now affirmed by this court.