This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STEVEN JOHN PETRAKIS, M.D.,**

Petitioner-Appellee,

v.                                                            **NO. 32,921**

**BETTY ANN RODRIGUEZ,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa A. Hadfield, District Judge**

Steven John Petrakis
Dulce, NM

Pro Se Appellee

Betty Ann Rodriguez
Albuquerque, NM

Pro se Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1} Respondent, pro se, appeals from the district court's order of protection. We issued a notice of proposed summary disposition, proposing to affirm. Respondent has filed a response to our notice. Having considered the response, we are not persuaded that Respondent demonstrated error. We, therefore, affirm.

{2} On appeal, Respondent challenges the district court's order of protection against her on several grounds and complains that the district court did not accept her arguments about Petitioner's allegedly harassing conduct. Respondent has never clearly articulated her issues. In our notice, we explained to Respondent that the Rules of Appellate Procedure require her to intelligibly list her appellate issues and provide us with a concise and accurate summary of the facts relevant to each of her appellate issues with reference to supporting legal authority. *See* Rule 12-208(D)(3)-(5) NMRA. This Court will not search the record to develop an appellant's claims or to find support for those claims. *See In re Estate of Heeter*, 1992-NMCA-032, ¶ 15, 113 N.M. 691, 831 P.2d 990 ("This court will not search the record to find evidence to support an appellant's claims."); *Headley v. Morgan Mgmt. Corp.,* 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (stating that an appellate court need not review an undeveloped argument). We cautioned Respondent that we hold pro se litigants to the "same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *Newsome v. Farer,* 1985-NMSC-096, ¶ 18, 103

N.M. 415, 708 P.2d 327; *see also* **Bruce v. Lester,** 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (stating that pro se litigants must comply with the rules and orders of the court and will not be treated differently from litigants with counsel).

**{3}** We further explained that given the nature of our calendaring system, we must rely on the docketing statement as a fair substitute for a complete record of the proceedings below. *See State v. Talley*, 1985-NMCA-058, ¶ 22, 103 N.M. 33, 702 P.2d 353. Where an appellant fails "to provide us with a summary of all the facts material to consideration of [his or her] issue, as required by SCRA 1986, 12-208(B)(3), we cannot grant relief on [the] ground [sought]." *State v. Chamberlain*, 1989-NMCA-082, ¶ 7, 109 N.M. 173, 783 P.2d 483.

**{4}** We construed Respondent's issues as challenging the sufficiency of the evidence to support the district court's protection orders. We informed Respondent that because she did not provide us with a summary of the evidence that was presented at any hearing, we must presume that the protective order was adequately supported by the evidence and propose to affirm. *See Reeves v. Wimberly,* 1988-NMCA-038, 107 N.M. 231, 755 P.2d 75 (holding that [u]pon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of

the [district] court s decision and the appellate court will indulge in reasonable presumptions in support of the order entered ).

**{5}** Our notice went on to explain how we review sufficiency of the evidence claims and what Respondent must do to comply with our rules and obtain review on the merits. Respondent did not follow our recommendations. Her response does not provide us with a summary of the evidence presented relative to any of her complaints on appeal.

**{6}** In fact, in what appears to be subsections (a) through (d) of issue 1, Respondent seems to be raising new matters not raised in district court, which are not a matter of record and for which we have no factual background. [MIO 1] An appellate court reviews only matters that were presented to the trial court. *See Campos Enters., Inc. v. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855; *State v. Harrison*, 2010-NMSC-038, ¶ 10, 148 N.M. 500, 238 P.3d 869 ("Matters outside the record present no issue for review." (internal quotation marks and citation omitted)).

**{7}** To the extent that Respondent complains that Petitioner made false representations and the district court rejected her version of events, we defer to the district court's credibility determinations and weighing of the evidence. *See State v. Vigil*, 1975-NMSC-013, ¶ 16, 87 N.M. 345, 533 P.2d 578 (holding that it is for the factfinder to determine the credibility of the witnesses and the weight to be given to

4

their testimony, and the factfinder may reject a defendant's version of an incident); *Buckingham v. Ryan*, 1998-NMCA-012, ¶ 10, 124 N.M. 498, 953 P.2d 33 ("[W]hen there is a conflict in the testimony, we defer to the trier of fact."). "It is a bedrock principle of appellate practice that appellate courts do not decide the facts in a case." *State v. Gonzales,* 1999-NMCA-027, ¶ 9, 126 N.M. 742, 975 P.2d 355.

**{8}** We also note that to the extent that Respondent complains that the district court did not rule on some of her complaints, we imply an adverse ruling on the complaints where the district court entered judgment that was inconsistent with the relief she sought. *See State v. Vasquez*, 2010-NMCA-041, ¶ 37, 148 N.M. 202, 232 P.3d 438 (citing *Stinson v. Berry*, 1997-NMCA-076, ¶ 8, 123 N.M. 482, 943 P.2d 129 ("Where there has been no formal expression concerning a motion, a ruling can be implied by entry of final judgment or by entry of an order inconsistent with the granting of the relief sought.")).

**{9}** Because Respondent has not provided this Court with the information we requested, which we need to understand and decide her appellate issues, we must hold that Respondent did not demonstrate error. As we warned in our notice, Respondent's failure to provide this Court with complete information will almost certainly result in affirmance. *See Chamberlain*, 1989-NMCA-082, ¶ 7.

{10}    For the reasons stated above and in our notice, we affirm the district court's order of protection.

{11}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**JAMES J. WECHSLER, Judge**