[No. 580.    September 4, 1894.]

UNITED STATES OF AMERICA, APPELLEES, v.
MANUEL GOMEZ, APPELLANT.

CRIMINAL LAW—JURORS, OBJECTIONS TO QUALIFICATIONS OF—MUST BE
MADE WHEN.—An objection to the qualification of a juror, on the
ground of over age, to be available, must be made, by challenge,
before verdict. United States v. Folsom, page 532, ante.

APPEAL from a judgment of the First Judicial District Court, convicting defendant, the clerk of a school district, for a violation of the United States election laws, in "hindering, delaying, and obstructing" certain persons from voting at a general election held for electing a delegate to congress, by neglecting and refusing to receive poll taxes, required to be paid by them in qualifying as voters.   Affirmed.

The facts are more fully stated in the opinion of the court.

CATRON & SPIESS and BENJAMIN M. REED for appellant.

BRIEF OF CATRON & SPIESS.

Under such a statute as that contained in the first section of the jury law, chapter 95, laws of 1891, the authorities are not uniform as to whether, after trial and verdict, a defendant in a criminal case can raise an objection to the qualifications of jurors, with effect, upon a motion for new trial. But no authorities are to be found holding that, under such a provision as that in the second section of said law, the objection would not be good after verdict. That section declares a positive and absolute disqualification, and there is nothing to be found in any case, where the objection was held bad, to conflict with the position that a positive and absolute disqualification entitles the defendant to a new trial, as a matter of right, and that there is a distinction to be drawn between such a disqualification and one which is a mere ground of challenge. Hardy v. Sprowl, 32 Me. 312; Mabray v. State, 14 So. Rep. (Miss.) 267. See, also, Chase v. People, 40 Ill. 355–357; State v. Jackson, 27 Kan. 583, 584–586; Briggs v. Town of Georgia, 15 Vt. 71, 72; State v. Groome, 10 Iowa, 316; State v. Davis, 12 R. I. 493; Hill v. The People, 16 Mich. 355; Cohron v. State, 20 Ga.

752; Burrows v. State, 33 Id. 406; State v. Nash, 13 So. Rep. (La.) 734.

In the cases of Williams v. State, 37 Miss. 409, and George v. State, 39 Id. 591, which appear at first glance to be strongest against the correctness of the above proposition, the language used would seem to indicate that the statute of the state declared a positive and absolute disqualification of a juror, and is therefore misleading, and the force of the decision in Wassum v. Feeney, 121 Mass. 94, is greatly weakened by the fact that the statute of that state is not at all analogous to ours, which provides that certain persons shall be absolutely disqualified to serve as jurors. Pub. Stat. Mass. 1882, sec. 994.

The distinction has been plainly drawn between an exemption from jury service and a disqualification, and it has been distinctly held that one who is exempt is not disqualified. State v. Cosgrove, 16 Atl. Rep. (R. I.) 900.

### BRIEF OF MR. REED.

. The court erred in holding that a Federal statute had been violated by defendant, and that Benedicto Lopez had been prevented from voting through defendant's action. The territorial statute then in force provided that it shall be the duty of "the clerks of the several school districts" to collect the poll tax, and that "it shall be illegal for any person to vote at any election who has not paid his poll tax for the current year" (sec. 36, ch. 25, Laws, 1891) while the indictment is based on section 5506, United States Revised Statutes.

The United States failed to prove that defendant used any "unlawful" means, if he did actually commit the offense charged, the defendant not then and there officiating under any federal statute. But, even if he had been so officiating, he could not have violated the statute upon which the indictment is founded (sec. 5506,

U. S. Rev. Stat.), that statute being unconstitutional and void.  15 Amend. U. S. Const.; United States v. Reese et al., 92 U. S. 214.

If Lopez had been a qualified voter, he would have been entitled to vote by merely going before the officers of election and presenting to them his affidavit, as required by the federal statute, regardless of the prerequisites prescribed by the territorial law.  Secs. 2007, 2008, U. S. Rev. Stat.

Any officer, or person, having official duties to perform, "who by threats, or by any unlawful means, hinders, delays," etc., any citizen from complying with any statute requiring certain things to be done, as a prerequisite to voting, is not liable to a criminal prosecution, but only to forfeit a sum of money to the person aggrieved, to be recovered in a civil action.  Secs. 2005, 2006, 2009, U. S. Rev. Stat.; 6 Am. and Eng. Encyclopedia of Law, 444, 445; McKay v. Campbell, 1 Sawy. 374; Seeley v. Koox, 2 Woods, 368.

In this case, even if defendant had been an election officer, he did not violate any law, by telling Lopez and Lobato that he had no receipt blanks, but would have them the next day.  Seeley v. Koox, 2 Woods, 368.

It was not known to the defendant, or his attorney, that the juror, Encinas, was over sixty years of age until after the verdict was rendered.  Under such circumstances, the defendant's right to a full and legal jury could not be waived.  Thompson & Merriam on jurors, secs. 302, 303.

A disqualified juror vitiates the verdict.  United States v. Hammond, 2 Woods, 197.

J. B. H. HEMINGWAY, United States district attorney, for the United States.

The defendant having failed to inquire as to the age of the juror, Encinas, was guilty of a want of diligence in respect thereto, and must be deemed to have

waived objection on that account. Watts v. Ruth, 30
Ohio St. 32; Hollingsworth v. Duane, Wallace, C. C.
147; Gillespie v. State, 8 Yerg. 507; Calhoun v. State,
4 Humph. 477.

Whether the objection be for alienage, nonresi-
dence, over age, under age, relationship, prejudicial
opinion, or any other cause, the principle of the de-
cisions, which declare that such objection is no ground
for a new trial when made for the first time after ver-
dict, if it might have been made in impaneling, is the
same—that it comes too late. 1 Thomp. on Trial, sec.
116, and cases cited in note. See, also, Territory v.
Yarberry, 2 N. M. 451; Territory v. Anderson, 4 N.
M. (Gil.) 229; Territory v. Baker, 4 Id. 275; Wassum
v. Feeney, 121 Mass. 93; Johns v. Hodges, 6 Md. 215,
45 Am. Rep. 722; In Rex v. Sutton, 8 Barn. & Cress.
417.

The cases of U. S. v. Fries, 3 Dall. (U. S.) 515;
State v. Hopkins, 1 Bay (S. C.), 372; Pierce v. Bush,
3 Bibb (Ky.), 347; Vance v. Haslett, 4 Bibb (Ky.),
91, and Herndon v. Bradshaw, Id. 45, cited in the note
to section 116, 1 Thompson on Trials, were cases in
which a juror had expressed bias before being im-
paneled; and, that not being known at the time of the
impaneling, the objection was made after verdict, and
a new trial granted; but it does not appear that the
party failed to examine the juror on the voir dire as to
his bias; and as to the Georgia cases cited by Thomp-
son, where new trials were granted on objections to
jurors, first advanced after verdict, see Cohron v. State,
20 Ga. 753.

The case of Eastman v. Wright, 4 Ohio St. 156,
also cited by Thompson to sustain that proposition,
supports the contrary view, holding that it must appear
that neither the defendant nor his counsel had any
knowledge of the disqualification of the juror, and
could not, by the use of diligence, have made the objec-
tion by challenge.

The appellant, having failed to file affidavits of himself and counsel that neither of them had any knowledge of the over age of the juror, Encinas, when he was accepted, has not put himself in a position to invoke the discretion of the court to grant him a new trial. 1 Thompson on Trials, sec. 116, pp. 121, 122, and note 1, p. 122; Brown v. State, 60 Miss. 447.

The record does not show that the trial resulted in an unjust verdict, and a new trial will not be granted. 1 Thompson on Trials, p. 122.

The distinction drawn, by the counsel for appellant, between the cases founded upon statutes which declare a disqualification in terms, and those based upon statutes which only expressly declare the qualifications, and leave the disqualifications to implication, is, in practical effect, a distinction without a difference. "That which is implied in a statute, is as much a part of it as what is expressed. 1 Kent, Com. 162.

The examination of the jurors by the court below as to their qualifications did not relieve the defendant from the duty of examining them on the voir dire. Brewer v. Jacobs, 22 Fed. Rep. 242.

LAUGHLIN, J.—The appellant, Manuel G. Gomez, was indicted by the United States grand jury for the First judicial district court for the territory of New Mexico, at the January, A. D. 1893, term of said court, under the provisions of section 5506 of the Revised Statutes of the United States, charging, in substance, that he, being the clerk of school district number 2, in Taos county, New Mexico, neglected and refused to receive the poll taxes of Benedicto Lopez and Jose A. Santistevan, who were entitled to vote at the general election held on the eighth day of November, A. D. 1892, upon the payment of their poll taxes, which they had the right to pay, and offered to pay, to the defendant and appellant within the time allowed by

law; and at the May, 1894, term of said court, the defendant was arraigned, entered a plea of not guilty, and was tried upon the indictment; and the jury found the defendant guilty, and so returned a verdict, whereupon the defendant filed motions for a new trial and in arrest of judgment, both of which motions were denied and overruled, and the court passed judgment on defendant, and fixed his punishment at the term of two months' confinement in the New Mexico penitentiary, and sentenced him accordingly, from all of which rulings and judgment of the court below, the defendant brought his case here by an appeal.

The appellant assigns as error eight grounds, only one of which it is necessary for the disposition of this case to consider, and it is as follows, to wit: "5. The court erred in holding that Ventura Encinas, although over sixty years of age at the time of trial, was a qualified juror to try the case." In support of this proposition, appellant filed affidavits of Pedro Sanches and Simon Segura to the effect that the juror, Ventura Encinas, had on the twenty-eighth day of May, 1894, which, as it appears from the record, was the second day of the term of court at which appellant was convicted, and a day or two before the case was tried, told them, said Sanches and Segura, that he, the said juror, was summoned as a United States petit juror for that term, but that he could not serve, for the reason that he was over sixty years of age. It appears from this that the juror did not make any secret as to his age, and that he did not make any effort to deceive anyone as to the fact that he was over sixty years of age at that time. The objection to the juror's qualification, if any such existed, was not seasonable. It came too late. It should have been taken advantage of by challenge, and before verdict. This court has so decided at this term of court in the case of U. S. v. Folsom, and for the reasons

*Margin note: OBJECTIONS to qualifications of jurors must be made, when.*

therein given on this proposition, the judgment of the court below is affirmed, and it is so ordered.

SMITH, C. J., and COLLIER, FALL, and FREEMAN, JJ., concur.