[No. 577.    September 4, 1894.]

## TERRITORY OF NEW MEXICO, APPELLEE, v. VICENTE ARMIJO, APPELLANT.

CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON—OBJECTIONS TO GRAND JURORS MUST BE MADE, WHEN.—In a prosecution, on indictment for making an assault with a deadly weapon, objections to members of the grand jury finding such indictment, must be made and presented to the trial court in proper form before the defendant has entered his plea of not guilty as charged in the indictment; it is too late to raise such objections for the first time on a motion in arrest of judgment.

ID.—PETIT JURORS, OBJECTIONS TO, WHEN TO BE RAISED.—Nor, in such case, can objections to the petit jury, on the ground of the legal disqualification and incompetency of its members, be raised for the first time on a motion for new trial or in arrest of judgment. If any such disqualification exists, it must be taken advantage of, by challenge, before verdict; otherwise, such disqualification will be cured by the verdict, unless it shall be shown affirmatively that the defendant has been prejudiced thereby.

Id.—Sufficiency of Indictment—Pleading—Motion in Arrest of Judgment.—Where, in such prosecution, the indictment charged that the defendant, "on or about" a certain day, "did, with a certain deadly weapon, to wit, a knife, feloniously make an assault ón" the deceased, without describing the kind of knife, and without alleging that the knife used was one "with which dangerous cuts could be given, or with which dangerous thrusts can be inflicted,"—Held: The indictment was insufficient on its face. In all such cases the exact time of the commission of the offense charged is an essential element, and material allegation, and must be specifically alleged, or it will be fatal on motion in arrest, or on demurrer.

2. The indictment was also fatally defective, under the statute, in failing to describe the character of knife charged to have been used, so as to show whether it was one of "such weapons" enumerated in the statute, necessary to bring the offense within its terms, and in failing to allege that it was one "with which dangerous cuts could be given, or with which dangerous thrusts can be inflicted." Laws, 1887, ch. 30, sec. 8.

3. The indictment was defective also in failing to charge that the assault was "unlawfully" made. The offense charged being a statutory offense it was necessary to follow the language of the statute applicable to the offense as defined by the statute. Id., secs. 2, 3, 4.

Appeal, from a judgment of the Second Judicial District Court, Bernalillo County, convicting the defendant of an assault with a deadly weapon. Judgment reversed.

The facts are stated in the opinion of the court.

Warren, Fergusson & Bruner for appellant.

Where a statute enumerates particular classes of persons or things followed by general words, the general words will be limited in their meaning and restricted in their operation to objects of like kind with those specified. State v. Bryant, 90 Mo. 534.

An indictment is bad, under section 8, chapter 30, of the Laws of 1887, which charges an assault with a knife, just as an indictment would be bad, under the first section of that act, which fixes a heavy penalty for carrying a deadly weapon—for "carrying a deadly weapon, to wit, a knife."

Penal and criminal statutes are to be strictly construed in those parts which are against persons charged with their violation, but liberally construed in those parts which are in their favor. State v. Bryant, 90 Mo. 534; Covington v. McNickle, 18 B. Mon. (Ky.) 262; Long v. Culp, 14 Kan. 412; Dolan v. Thomas, 12 Allen, 421; Cain v. State, 20 Tex. 355; State v. Macon Co. Court, 41 Miss. 453; 4 Am. and Eng. Encyclopedia of Law, p. 643.

A statute must be strictly followed in statutory indictment. Bish. Cr. Pl. and Pr., sec. 612, and note.

An irregularly constituted grand jury may be taken advantage of by motion in arrest of judgment. Miller v. State, 69 Am. Dec. 351.

A statute, as to drawing grand jury, must be substantially complied with. State v. Bicky, 44 N. W. Rep. 679.

An indictment by an illegally constituted grand jury is void. State v. Boyd, 13 So. Rep. 14; State v. Harris, Id. 15.

Section 2055, Compiled Laws, provides that the court shall not, in its charge, comment on the weight of the evidence. This section of the statute is taken from the Missouri statute (Wagner, 1106), which contains the same provision. State v. Hundley, 46 Mo. 414.

The court erred in refusing to peremptorily instruct the jury to find the defendant not guilty upon the conclusion of the testimony, the question whether a given weapon is a deadly weapon within the meaning of the statute, being a question of law for the court. 2 Bish. Crim. Pl. and Pr. 680; State v. Collins, 8 Ire. 391; State v. Crayton, 6 Id. 164.

EDWARD L. BARTLETT, solicitor general, for the territory.

LAUGHLIN, J.—The defendant, Vicente Armijo, was indicted by the grand jury at the October, 1893,

term of the district court of the Second judicial district
for Bernalillo county, charged with assault with a
deadly weapon upon one Jose H. Gurule, which indict-
ment is in words and figures, viz.:

"Territory of New Mexico, county of Bernalillo—
ss.:  In the district court at the October term, A. D.
1893.  The grand jury of the territory of New Mexico,
taken from the body of the good and lawful men of
Bernalillo county, in the territory of New Mexico, duly
selected, impaneled, sworn, and charged at the October
term, A. D. 1893, to inquire and due presentment make
of all offenses against the laws of the territory of New
Mexico committed within said county of Bernalillo,
upon their oaths do present that Vicente Armijo, late
of the county of Bernalillo aforesaid, on or about the
3rd day of May, A. D. 1893, at the county of Berna-
lillo, territory of New Mexico, did, with a certain deadly
weapon, to wit, a knife, feloniously make an assault on
one Jose H. Gurule, and him, the said Jose H. Gurule,
did then and there cut, stab, and wound, contrary to
the form of the statute in such case made and provided,
and against the peace and dignity of the territory of
New Mexico."

At the March term, A. D. 1894, of the said district
court, the defendant was arraigned, and entered his
plea of not guilty as charged.  A trial in due form was
had, and the jury returned a verdict of guilty, as
charged in the indictment.  On the incoming of the
verdict, the defendant filed a motion for a new trial,
which was by the court denied.  The defendant then
filed a motion in arrest of judgment which is in words
and figures to wit:  "Now comes the defendant, by his
attorney, and moves the court to arrest the judgment,
for reasons apparent upon the record of said cause, to
wit:  (1) It appears that the grand jury which returned
the indictment in said cause was not a legally consti-
tuted body, and not competent in law to find the said

indictment. (2) A large number, to wit, five, of the grand jurors aforesaid, were by law disqualified and incompetent to serve as members of the said grand jury; and, by reason thereof, the said indictment was and is insufficient and void to charge the defendant with the said alleged offense. (3) The indictment in said cause was and is insufficient in law, and the same does not sufficiently charge (and) the crime and offense. (4) The petit jury in said cause was not regularly constituted and was disqualified by law to hear and determine said alleged offense. (5) And for divers other errors and defects appearing upon the record of said court in said cause,"—which motion by the court was overruled and denied; and the court pronounced judgment on the defendant, and fixed his punishment at two years' confinement in the New Mexico penitentiary, from all of which rulings and judgment of the court the defendant appealed to this court, and assigned error as follows, to wit: "(1) The court erred in refusing to sustain the motion in arrest of judgment, because the indictment is on its face void. (2) The court erred in refusing to grant a new trial, and also to sustain the motion in arrest of judgment, because the grand jury was illegally constituted. (3) The court erred in commenting on the weight of the evidence of the defendant, Vicente Armijo. (4) The court erred in refusing to instruct the jury to find the defendant not guilty at the conclusion of the testimony."

It is not necessary to the disposition of this case to consider anything but the errors assigned in the motion in arrest of judgment. The first and second grounds set out in the motion refer to the qualifications of members of the grand jury who found and returned the indictment; and these objections come too late. If any objections to the legal qualifications of members of the grand jury existed, such objections should have been raised and presented in proper form

to the court before the defendant entered his plea of
not guilty to the merits. This proposition has been so
often decided by this court that it is unnecessary here
to refer to authorities on the subject. The fourth
ground in the motion refers to some disqualification of
members of the petit jury who found and returned the
verdict of guilty. The disqualifications of petit jurors
must be taken advantage of before the incoming of the
verdict by challenge, and can not be raised for the first
time on a motion for a new trial or in arrest of judg-
ment, as any disqualification of petit jurors is cured by
verdict, unless it shall be made to appear. affirmatively
that any such disqualifications resulted to the prejudice
of the defendant; and there is nothing in the record
disclosing such a state of facts. The fifth ground in
the motion is in terms general, and does not point out
any specific or sufficient cause for review. This leaves
for consideration only the third ground, and this goes
to the sufficiency of the allegations as charged in the
indictment, and it will be considered as it appears in
the record.

1. The pleader evidently attempted to frame this
indictment under Laws 1887, page 55, chapter 30,
known as the "Deadly Weapon Act;" and it is insuffi-
cient and defective, because the offense charged does
not come within the scope of any section of that act.
The offenses and punishments provided for in that act
are plainly set out, and the intent of the legislature
may readily be comprehended from the title of the act
itself. It was enacted for definite and specific purposes
—"to prohibit the unlawful carrying and use of deadly
weapons." All the offenses, and punishments therefor,
are plainly set out and defined specifically in each sec-
tion of the act, and by no process of reasoning can the
intendment of that act be so construed as to apply to
the offense as herein charged. A reading of the act in
connection with the offense charged in the indictment
is self-sufficient.

2. The indictment is insufficient on its face, because there is no day certain alleged when the offense was committed. The indictment charges that "on or about the third day of May, A. D. 1893, at the county of Bernalillo * * *." The omission of a pleader to allege a day certain as the time when the offense as charged was committed is fatal at common law (1 Bish. Cr. Pr., sec. 390); and we have no statute changing that rule, and the allegation "on or about" is fatal on a motion in arrest or on demurrer. It does not put the defendant on sufficient notice as to the time when he is charged with the commission of the crime. The exact time in such cases is an essential element, and a material allegation, and it must be specifically charged in the indictment, in order that the defendant may properly prepare his defense. In this allegation an alibi could not with a sufficient degree of accuracy be pleaded. It might occur that a defendant had engaged in an altercation with the same person at the same place on two or even more successive days, but under very different circumstances, and to which his defense would be different, and an allegation in the indictment that "on or about" a day named would not sufficiently advise him which offense he was required to answer.

3.   The indictment charges that the defendant, at the place named, "did with a certain deadly weapon, to wit, a knife, feloniously make an assault on one Jose H. Gurule," etc., but does not define or describe the kind or character of the knife. Any knife may be so used as to become a deadly weapon, but all knives are not in law "deadly weapons." The omission in this indictment to describe and define the kind of a knife is fatal, because, even if the crime charged come within the provision of the act above referred to, the allegation is insufficient. That act provides:

"Sec. 8.   Deadly weapons within the meaning of this act shall be construed to mean all kinds and classes

of pistols, whether the same be a revolver, repeater, derringer, or any kind or class of pistol or gun; and any and all kinds of daggers, bowie knives, poniards, butcher knives, dirk knives, and all such weapons with which dangerous cuts can be given, or with which dangerous thrusts can be inflicted, including sword canes, and any kind of sharp pointed canes; as also slung shots, bludgeons, or any other deadly weapons with which dangerous wounds can be inflicted.''

It is evident that the kind and character of the knife should be described as one of the class therein mentioned. The word ''such'' qualifies the kind of knives, and the knife used, to bring the offense within the act, must belong to that class. It was never intended by the legislature to include in the class named ordinary pocket knives as deadly weapons. Besides, the indictment nowhere charges that the knife used was one ''with which dangerous cuts could be given, or with which dangerous thrusts can be inflicted,'' and such an allegation was required.

4. The indictment is insufficient, because it nowhere charged that the assault was made unlawfully. This is, in this indictment, a fatal omission, but it seems to have escaped the attention of the defense, as it is not alluded to in the brief, nor was it discussed on the oral argument. The indictment charged that the defendant ''did, with a certain deadly weapon, to wit, a knife, feloniously make an assault on one Jose H. Gurule,  *  *  *'' but did not charge that the defendant ''did unlawfully assault,'' etc. The offense as charged and the punishment as defined by our laws is a statutory crime, and it is necessary that the pleader, in drawing indictments, use the language of the statute applicable to the offense as defined by the statute. It is insufficient to use other or different words than provided by statute when such words are material in defining the offense or in fixing the punishment. The

act of the legislature under which this indictment was found nowhere uses the word "feloniously." But the act (section 2) says: "Any person who shall draw a deadly weapon on another * * * except it be in the lawful defense of himself, his family, or his property, or under legal authority * * *." Section 3 provides that "any person who shall unlawfully assault or strike at another with a deadly weapon * * *." And section 4 provides that "any person who shall unlawfully draw, flourish, or discharge a rifle, gun, or pistol within the limits of any settlement in this territory, * * * except the same be done by lawful authority, or in the lawful defense of himself, his family, or his property * * *." It will be seen here that the words "lawful" and "unlawfully" are used in the statute. "Feloniously" is a technical word, which at common law was essential to every indictment for a felony charging the offense to have been committed feloniously, and no other word or circumlocution could supply its place; and it is still necessary in this territory (as the crime as here charged may be a felony under our statute) in describing a common law felony, or where its use became necessary by statute. 1 Bouv. Law Dict., and authorities there cited. In Territory v. Miera, 1 N. M. 387, Chief Justice Benedict, speaking for the court, said: "By using the word 'unlawfully' in the statute, the legislature intended to discriminate between acts of violence which may be lawful and those which are not. To the evident intention disclosed the indictment in this case should have conformed. The omission was a substantial omission, and the court below decided properly in arresting the judgment." The word "feloniously," as used in the indictment, can not be used to supply the omission of the word "unlawfully," because the statute specially provides that assaults may be committed in defense of his person or property, etc. The laws of the territory

are ample and sufficient to apprehend and punish such offenses as herein charged, and this court can not sustain insufficient indictments for felonies by which persons may be deprived of life and liberty. Every man has a constitutional right to a fair and impartial trial under the laws of the land, and it is the duty of pleaders to pursue the law in their pleadings, and it is the duty of the courts to construe statutes defining offenses known as punishments for such crimes strictly; otherwise, there would be a want of accuracy and certainty, which would result in a failure of justice in the courts.

For the above reasons, the judgment of the lower court is reversed, and the cause remanded, with an order to the court below to enter judgment sustaining the motion in arrest of judgment; and it is so ordered.

SMITH, C. J., and FREEMAN and FALL, JJ., concur.