489 P.2d 662

STATE of New Mexico, Plaintiff-Appellee,

v.

Donald DEATS, Defendant-Appellant.

No. 713.

Court of Appeals of New Mexico.
Sept. 17, 1971.

Harold H. Parker, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., C. Emery Cuddy, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Post-conviction relief was denied without an evidentiary hearing. Section 21–1–1(93), N.M.S.A.1953 (Repl.Vol. 4). Defendant appeals. Prior appellate decisions concerning the conviction and sentence involved in this appeal are: State v. Montoya, Deats and Perez, 80 N.M. 64, 451 P. 2d 557 (Ct.App.1968), aff'd in Deats v. State, 80 N.M. 77, 451 P.2d 981 (1969). The four issues, and our answers, follow.

*Improperly constituted jury.*

Defendant asserts that one of the members of his trial jury was ineligible to serve as a juror and that the trial court should have held an evidentiary hearing to determine whether in fact this allegation was true.

This point might well be disregarded by this court because defendant cites neither the applicable statute nor decisions of the New Mexico Supreme Court applying that statute. See § 21–2–1(15) (12), N.M.S.A. 1953 (Repl.Vol. 4). However, we decide the question on the merits.

The applicable statute at the time of defendant's trial was § 19–1–2, N.M.S. A.1953. For the current statute, see § 19–1–2(B), N.M.S.A.1953 (Repl.Vol. 4), enacted as Laws 1969, ch. 222, § 2. Sec-

tion 19–1–2, supra, provides that service as a juror by a disqualified person:

"\* \* \* shall, of itself, not vitiate \* \* \* any verdict rendered by that jury, unless actual injury to the person complaining of the same shall be shown, \* \* \*"

A showing that there was an ineligible juror would be insufficient. Defendant had the burden of affirmatively showing "actual injury." State v. Ortega, 77 N.M. 312, 422 P.2d 353 (1966); see State v. Eskildson, 36 N.M. 238, 13 P.2d 417 (1932), Territory v. Armijo, 7 N.M. 571, 37 P. 1117 (1894); United States v. Gomez, 7 N.M. 554, 37 P. 1101 (1894); United States v. Folsom, 7 N.M. 532, 38 P. 70 (1894).

Defendant's motion made no claim of "actual injury." No evidentiary hearing was required because the claim was legally insufficient.

*Indeterminate sentence as a violation of due process and equal protection.*

Defendant's sentence for the offense involved in this case is for not less than ten years nor more than fifty years. See § 40A–29–3(B), N.M.S.A.1953 (Repl.Vol. 6). The State Board of Probation and Parole has discretion, within specified limits, to determine how much of the sentence will be served within the confines of the penitentiary. Section 41–17–24, N.M.S.A. 1953 (Repl.Vol. 6). Because of this discretion, defendant contends the length of his punishment is vague and uncertain, and this violates due process because he had the constitutional right to know the length of his punishment within the penitentiary. Further, under this sentence "\* \* \* there is no equal protection afforded one Defendant as against any other. \* \* \*" Since these claims do not attack the sentence imposed, but attack the way that sentence will be executed, prior appellate decisions of New Mexico indicate a post-conviction motion is not the proper procedure to raise these issues. State v. Bambrough, 81 N.M. 548, 469 P.2d 527 (Ct.App.1970) and cases therein cited. However, we treat these claims as properly before us and decide them on the merits.

The claim that an indeterminate sentence is too vague to satisfy due process of law proceeds on the assumption that a defendant must have a definite and fixed punishment. The emphasis is on certainty in the length of punishment. This emphasis is contrary to the indeterminate sentence theory that punishment should be "\* \* \* proportioned to the progress of the prisoner toward rehabilitation \* \* \*;" that punishment "\* \* \* is made to fit the offender rather than the crime." McCutcheon v. Cox, 71 N.M. 274, 377 P.2d 683 (1962).

■ Under the indeterminate sentence theory, the sentence "\* \* \* is in effect for the maximum, subject to reduction \* \* \*" in the manner provided in the probation and parole statute. Woods v. State, 130 Tenn. 100, 169 S.W. 558 (1914); compare § 41–17–30, N.M.S.A.1953 (Repl. Vol. 6). The discretion vested in the probation and parole officials in determining reductions from the maximum sentence do not make an indeterminate sentence void for vagueness as a general proposition. Ughbanks v. Armstrong, 208 U.S. 481, 28 S.Ct. 372, 52 L.Ed. 582 (1908); Woods v. State, supra. This due process issue could arise, of course, in connection with the manner that reductions are applied against defendant's sentence. Conston v. New Mexico St. Bd. of Probation & Parole, 79 N.M. 385, 444 P.2d 296 (1968), but that is not the claim made. Defendant's claim is that the indeterminate sentence law, as a general proposition, is void for vagueness. We hold it is not.

■ Nor does the indeterminate sentence violate the requirement of equal protection. The fact that another prisoner may serve less, or more, time under the same indeterminate sentence does not violate "equal protection" because this constitutional provision does not require identical punishments and does not protect defendant from the consequences of his crime. State v. Follis, 81 N.M. 690, 472

P.2d 655 (Ct.App.1970); State v. Holly, 79 N.M. 516, 445 P.2d 393 (Ct.App.1968); State v. Sharp, 79 N.M. 498, 445 P.2d 101 (Ct.App.1968); see State v. Sandoval, 80 N.M. 333, 455 P.2d 837 (1969).

*Indeterminate sentence as cruel and unusual punishment.*

■ Defendant contends his sentence of not less than ten nor more than fifty years is cruel and unusual punishment. State v. Peters, 78 N.M. 224, 430 P.2d 382 (1967) held to the contrary. See also State v. Sisneros, 81 N.M. 194, 464 P.2d 924 (Ct. App.1970). Under State v. Peters, supra, the claim is without merit.

*Interference with appeal.*

In his motion, defendant states: "My efforts to secure a reversal of the conviction were thwarted by the District Attorney. While I was free from custody under a $15,000.00 bond and engaged in prosecuting an appeal to the United States Supreme Court the District Attorney invoked a minor and discredited pending charge against me to put me back in jail. The charge was subsequently dismissed, the appeal failed. * * *"

■ We take judicial notice of the appellate records pertaining to defendant's conviction. State v. Turner, 81 N.M. 571, 469 P.2d 720 (Ct.App.1970); see Ex Parte Lott v. State, 77 N.M. 612, 426 P.2d 588 (1967); Cartwright v. Public Service Company of New Mexico, 68 N.M. 418, 362 P.2d 796 (1961). Those records show that the New Mexico Supreme Court stayed execution of the sentence upon the filing of an appeal bond and ordered that defendant should be released from the penitentiary for a period of ninety days from July 2, 1969. This stay, and release under bond, was to enable defendant to petition the United States Supreme Court for a review of the conviction which New Mexico appellate courts had affirmed. Defendant sought an extension of this ninety day period; his motion was denied.

■ The appellate records conclusively show that execution of the sentence in the particular case was ordered delayed for no more than a ninety day period. They also conclusively show that defendant was not back in the penitentiary at the end of the ninety day period. Since the authorized stay did not exceed ninety days, any District Attorney's "interference" subsequent to the ninety day period would not be a basis for relief because defendant was not legally authorized to be out of the penitentiary after the ninety days expired. Defendant's claim, to require a hearing, must of necessity be within the ninety day period when bond was authorized. His claim, however, is not so limited; it is a general claim based on being "free from custody" without regard to the dates when he was authorized to be out of the penitentiary. Thus, without specific factual allegations as to the dates of the District Attorney's asserted interference, the claim is too general to require an evidentiary hearing. See State v. Flores, 79 N.M. 412, 444 P.2d 597 (Ct.App.1968).

Further, the claim made asserts that defendant was "back in jail" on a pending charge. Nothing in the Supreme Court's orders gave defendant immunity from arrest on other charges during the ninety day bond period. In addition, there is no allegation as to how long defendant remained in jail under the alleged "minor" charge or how this jailing interfered with his efforts to file a petition with the United States Supreme Court. Specific factual allegations, necessary to state a claim, are missing.

The order denying relief is affirmed.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.