This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41689**

**BRYCE FRANKLIN,**

Petitioner-Appellant,

v.

**WESTERN NEW MEXICO
CORRECTIONAL FACILITY
RECORDS COORDINATOR,
WESTERN NEW MEXICO
CORRECTIONAL FACILITY LEGAL
ACCESS DESIGNATED STAFF,
and NEW MEXICO CORRECTIONS
DEPARTMENT,**

Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Manuel I. Arrieta, District Court Judge**

Bryce Franklin
Las Cruces, NM

Pro Se Appellant

New Mexico Corrections Department
Maris Veidemanis, Chief Deputy General Counsel
Brenden J. Murphy, Deputy General Counsel
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** Petitioner Bryce Franklin, appearing pro se, appeals the district court order denying his petition for a writ of mandamus to enforce the Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1941, as amended through 2023). Petitioner contends the district court abused its discretion when it found that Petitioner's records requests, made under the New Mexico Corrections Department's (NMCD) internal policies, amounted to a challenge to a condition of confinement, and therefore Petitioner's adequate remedy was to challenge his conditions of confinement through a habeas corpus action as provided for under Rule 5-802 NMRA. Because the request forms submitted by Petitioner here are governed by internal NMCD policies and not IPRA, we affirm.

**BACKGROUND**

**{2}** Petitioner is serving a term of life imprisonment plus seven and one-half years in the custody of NMCD for a murder conviction. *See State v. Franklin*, S-1-SC-35577, dec. ¶ 1 (N.M. Oct. 19, 2017) (nonprecedential). In June 2023, NMCD reportedly placed Petitioner in solitary confinement pending an inmate disciplinary hearing for a charge of possession of dangerous contraband.

**{3}** Petitioner in turn submitted a total of five requests for records in order to prepare for his disciplinary hearing. Three of these requests were on NMCD internal forms titled, "Inmate Request Form" and the other two requests were on NMCD internal forms titled, "Inmate Request for Legal Access." These forms are available to inmates, pursuant to internal NMCD Policies, Legal Access, CD-010100, NMCD Policies, Offender Access and Review of Records, CD-043501.

**{4}** Petitioner's first form, dated June 15, 2023, and directed to a "Records Coordinator" stated, "Would like to inspect all reviewable records in my institutional file." NMCD responded on June 29, 2023, "Please submit a request to [Unit Manager] Morin." Petitioner's second form, dated June 15, 2023, and directed to a "classification officer" requested, "Would like a copy of my current points sheet aka last revised reclassification form. Would also like to review some items in my prison file such as my disciplinary history." NMCD responded on June 23, 2023, "You may review but not keep the points sheet." Petitioner's third form, dated July 3, 2023, and directed to Unit Manager Morin, requested, "Would like to request to inspect prison file. More specifically, I would like to inspect records pertaining to inmate disciplinary record[s] and reports and all records connected to my current classification level such as current points sheet or 'reclassification form.'" The record provided on appeal does not include what if any response Petitioner received from NMCD.

**{5}** Petitioner also submitted two internal inmate requests to the legal access program to review NMCD policies before Petitioner's disciplinary hearing. Petitioner's request form, dated June 15, 2023, stated, "I need to review NMCD policy CD-080100 [Institutional Classification and Central Office Classification]." The record does not include what if any response NMCD provided to Petitioner. Petitioner's final form, dated July 13, 2023, stated, "I need to review the following policy before my disciplinary

hearing NMCD CD-090100-01 [Inmate Discipline procedures]; NMCD CD-090300 [Institutional Evidence/Contraband Control, Tracking and Disposal]." The record does not include what if any response NMCD provided to Petitioner. Nowhere in any of these forms did Petitioner assert he was making a public records request under IPRA nor were these requests addressed to the records custodian of NMCD.

**{6}** Following these requests, petitioner filed two "Inmate Informal Complaint" forms with NMCD, pursuant to Form CD-150501.3. Petitioner's first inmate complaint form, dated July 13, 2023, asserted that he was filing the complaint against "public records," and asserted the following: "This facility has the practice of refusing to provide copies of reclassification form aka points sheets or allowing inspection of prison file." NMCD staff received the complaint on July 19, 2023, and on that same date recommended resolving the complaint as follows: "[n]on[]grievable, you have to put a date of incident, cannot be listed as 'ongoing.' You may request a point sheet through your caseworker, and request a file review through Records. Attached is your most current score form."

**{7}** Petitioner's second inmate complaint form dated July 13, 2023, was filed against "Legal Access," and stated as follows:

> I am being denied my right to legal access. I have no access to the law library or caselaw on computer library. I have no way to order writing paper due to frozen books. My requests for legal copies are impossible to submit. I have submitted multiple requests to review policy on legal access forms. No policies have been provided.

NMCD staff responded to this complaint on July 19, 2023 stating, "Non[]grievable, you have to put a date of incident, cannot be listed as 'ongoing.'"

**{8}** In July 2023, Petitioner filed a verified petition for writ of mandamus in district court to compel the Western New Mexico Correctional Facility Records Coordinator, Designated Legal Access Staff and the NMCD (collectively, Respondents) to produce the documents in four of his requests, pursuant to IPRA and seeking an award of statutory damages.[1] Petitioner argued that Respondents failed to respond or produce responsive documents to four of his requests and, thereby, those requests are deemed denied under IPRA. The district court denied the petition, and this appeal followed.

## DISCUSSION

**{9}** Petitioner contends his submission of "Inmate Request" and "Inmate Request for Legal Access" forms, pursuant to internal NMCD policies equates to the submission of requests for public records under IPRA and those requests were therefore "governed by IPRA." Petitioner asserts that because IPRA controls here, the district court erred in denying his petition for writ of mandamus and he is entitled to production of the responsive documents and statutory damages. Respondents answer that the requests contained in NMCD forms do not trigger IPRA obligations because (1) the type of

---

[1]Petitioner concedes that he was permitted to review a copy of his point sheet.

request forms at issue satisfy a specific purpose internally to NMCD; (2) Petitioner's forms do not specify that they are IPRA requests; and (3) Petitioner's forms were not submitted to the sole NMCD records custodian designated for the purposes of IPRA.

## I. Petitioner's "Inmate Request" and "Inmate Request for Legal Access" Forms Were Not IPRA Requests

**{10}** We review the district court's denial of the Petition for abuse of discretion. *See N.M. Found. for Open Gov't v. Corizon Health*, 2020-NMCA-014, ¶ 15, 460 P.3d 43 ("We generally review the granting or denial of a writ of mandamus under an abuse of discretion standard." (internal quotation marks and citation omitted)); *see also* § 14-2-12(B) (providing that "[a] district court may issue a writ of mandamus . . . to enforce the provisions of [IPRA]). The purpose of mandamus is "to compel a public officer to perform an affirmative act where, on a given state of facts, the public officer has a clear legal duty to perform the act and there is no other plain, speedy, and adequate remedy in the ordinary course of the law." *Mimbres Valley Irrigation Co. v. Salopek*, 2006-NMCA-093, ¶ 11, 140 N.M. 168, 140 P.3d 1117; *see also* NMSA 1978, §§ 44-2-1 to -14 (1884, as amended through 1899) (statutes regulating writs of mandamus). "A 'ministerial duty' arises only when the law directs that a public official must act when a given state of facts exists." *Mimbres Valley Irrigation Co.*, 2006-NMCA-093, ¶ 11. "[W]hen a public official refuses to act after such a determination is made, mandamus is the proper remedy and mandamus will issue to compel acts committed to their discretion if the law requires them to act." *Wallbro v. Nolte*, 2022-NMCA-027, ¶ 20, 511 P.3d 348. "The grant or denial of a petition for writ of mandamus is reviewed for an abuse of discretion." *Id.* ¶ 21 (alteration, internal quotation marks, and citation omitted). "A district court abuses its discretion if its discretionary act is premised on an erroneous view of the law." *Hall v. City of Carlsbad*, 2023-NMCA-042, ¶ 5, 531 P.3d 642.

**{11}** This appeal calls in to question whether requests made on internal agency forms to an official within the agency tasked with reviewing such forms, pursuant to internal agency policy equates to a public records request under IPRA. We agree with Respondent's characterization of the record and conclude that the requests for information contained within the "Inmate Request" and "Inmate Request for Legal Access" forms did not trigger the mechanics of IPRA. We reach this conclusion because the four forms Petitioner submitted are available to inmates, pursuant to NMCD policies and nothing on the forms indicate or place NMCD on notice that Petitioner was seeking anything other than document reviews and legal access under established NMCD policies. The four forms contain no reference to IPRA or "public records."

**{12}** We acknowledge there is no statutory provision in IPRA requiring a person submitting an inspection of public records to identify that the request is submitted under IPRA. *See* § 14-2-8(C) (providing in part that "[a] written request shall provide the name, address and telephone number of the person seeking access to the records and shall identify the records sought with reasonable particularity"). And while Section 14-2-8(E) provides that "[i]n the event that a written request is not made to the custodian having possession of or responsibility for the public records requested, the person receiving the

request shall promptly forward the request to the custodian of the requested public records," under the facts of this case and for the reasons stated above, the requests Petitioner submitted were not IPRA requests.

**{13}** To hold otherwise would subject NMCD to an unacceptable position of assuming all submitted inmate document review request forms and all inmate requests for legal access forms were submitted under IPRA; failing to do so, would subject NMCD to IPRA's statutory penalties. *See* § 14-2-11(C) (providing that monetary damages shall be awarded for failure of a custodian to provide a timely explanation for the denial of a request for inspection or when the denial is determined to be unreasonable); *see also* § 14-2-12(D) (mandating the award of "damages, costs and reasonable attorney[] fees to any person whose written request has been denied and is successful in a court action to enforce the provisions of [IPRA]").

**{14}** We recognize IPRA's broad policy mandate for disclosure of public records. *See* § 14-2-1 (pursuant to IPRA and subject to limited exceptions, "[e]very person has a right to inspect public records of this state"). We do not suggest that Petitioner or other inmates are precluded from submitting an IPRA request for public records so long as it is identified in some reasonable manner as a request subject to IPRA. To provide an example, Petitioner himself, in *Franklin* v. *N.M. Corrections Department*, A-1-CA-38848, mem. op. ¶ 3 (N.M. Ct. App. June 14, 2022) (nonprecedential), submitted two IPRA requests to NMCD, one for documents related to appeals from certain inmates and the other for public records contained in his inmate file.[2] Here, however, because Petitioner requested to review documents by way of "Inmate Request" and "Inmate Request for Legal Access," forms developed for requests pursuant to internal NMCD policies, and made no reference to IPRA in completing those forms, IPRA was not invoked, and NMCD officials, therefore, had no duty to follow IPRA procedures, rather than the NMCD internal policies. *See Mimbres Valley Irrigation Co.* 2006-NMCA-093, ¶ 11 ("A ministerial duty arises only when the law directs that a public official must act when a given state of facts exist." (internal quotation marks omitted)); *see also Pacheco v. Hudson*, 2018-NMSC-022, ¶ 57, 415 P.3d 505 (holding that "the designated records custodian is the only official who is assigned IPRA compliance duties"). Because NMCD officials in this case did not breach a mandatory, nondiscretionary duty under IPRA, mandamus is not appropriate in this case and the district court did not err in denying Petitioner's request for a writ of mandamus.

**CONCLUSION**

---

[2] We take judicial notice of the appellate records pertaining to Petitioner's appeal in *Franklin*, A-1-CA-38848. *See State v. Deats*, 1971-NMCA-136, ¶ 12, 83 N.M. 154, 489 P.2d 662 (stating that this Court was "tak[ing] judicial notice of the appellate records pertaining to [the] defendant's conviction"). The records in Petitioner's prior appeal before this Court shows that the first sentence in each of Petitioner's IPRA requests asserted in part "This is an [i]nspection of [p]ublic [r]ecords [r]equest pursuant to . . . [IPRA]," thereby plainly identifying the nature of the request to NMCD staff. NMCD responded to each of Petitioner's IPRA requests applying IPRA, *see Franklin*, A-1-CA-38848, mem. op. ¶¶ 6, 12, and assigning each of their responses to Petitioner's IPRA requests an IPRA tracking number.

**{15}** For the foregoing reasons, we affirm.

**{16}  IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**