314 P.2d 602

STATE BOARD OF PAROLE of New Mexico; Irwin S. Moise, John Conway, Lincoln O'Brien, Wayne Collins, A. B. Chavez, Members, Plaintiffs in Error,

v.

John Henry LANE, Defendant in Error.

No. 6218.

Supreme Court of New Mexico.

Aug. 12, 1957.

Fred M. Standley, Atty. Gen., Robert F. Pyatt and Paul L. Billhymer, Asst. Attys. Gen., for plaintiffs in error.

Lyle E. Teutsch, Jr., Santa Fe, for defendant in error.

McGHEE, Justice.

The defendant in error was sentenced by the district court of Curry County on November 27, 1955, to serve a term of not less than five years nor more than five years following his conviction of the crime of forgery, instead of not less than one year nor more than five years had the sentencing judge imposed sentence as provided by § 41–17–1, N.M.S.A.1953 (pocket part).

No appeal was taken from the sentence but Lane requested the Board of Parole to treat his sentence as having been for a term of not less than one year nor more than five years, and to forthwith hear his application for a parole, but the request

was denied. He then instituted an action in mandamus in the district court of Santa Fe County to compel the board to comply with such request, and that court granted a peremptory writ as asked. The Board then sued out a writ of error here seeking a reversal of the action of the court below.

The first point made by the board is that mandamus will not lie when there is a plain, speedy and adequate remedy at law. § 22–12–5, N.M.S.A.1953 Compilation so provides. This Court held in State ex rel. Sweeney v. Raynolds, 17 N.M. 282, 127 P. 23, where the District Court had dismissed a claim against an estate because of lack of jurisdiction in the probate court to consider the claim, that the remedy of the claimant was by appeal and not by mandamus to compel the district court to reinstate the case.

Lane had the right of appeal from the claimed erroneous sentence and no reason appears on the record why he did not exercise it. His attorney here says he was represented by a court appointed attorney below, but there is no claim an appeal was even desired.

The first point of the board is in accordance with the plain terms of our statute on mandamus and the decision in the Sweeney case, supra.

This disposition of the case makes it unnecessary to pass upon the other points.

The issuance of the peremptory writ below was improvident, and the cause will be remanded to the district court with instructions to quash it.

It is so ordered.

SADLER, COMPTON and KIKER, JJ., concur.

LUJAN, C. J., not participating.