377 P.2d 683

Marvin McCUTCHEON, Plaintiff-Appellee,

v.

Harold A. COX, Warden of the Penitentiary of New Mexico, Defendant-Appellant.

No. 7143.

Supreme Court of New Mexico.

Dec. 19, 1962.

Rehearing Denied Jan. 25, 1963.

John S. Catron, Santa Fe, for appellee.

CHAVEZ, Justice.

While serving a sentence in the New Mexico state penitentiary from Socorro County, appellee made a non-violent escape from the prison farm. Upon recapture, he was charged with unlawful escape contrary to § 42–1–61, N.M.S.A., 1961 Pocket Supp. He pled guilty and was sentenced in Valencia County to serve a term in the penitentiary of "not less than two years," which sentence was to run consecutively with his initial sentence. After an in-custody parole from the first sentence, appellee began service of his sentence for escape. Subsequently, he filed a petition for an alternative writ of mandamus in the district court of the first judicial district for Santa Fe County. A writ was issued by the district court of the first judicial district to appellant, commanding him to treat appellee's sentence for escape as being for a maximum term of two years, or to show cause why it should not be so treated. After a hearing, the court granted a peremptory writ of mandamus ordering appellant to treat the sentence for escape as being for a maximum term of two years. Appellant made timely appeal to this court.

Earl E. Hartley, Atty. Gen., Oliver E. Payne, J. Eugene Gallegos, Asst. Attys. Gen., Santa Fe, for appellant.

Appellee was sentenced under the provisions of § 42–1–61, N.M.S.A., 1961 Pocket Supp., which provides:

"Any person confined in the state penitentiary who shall escape or attempt to escape therefrom shall be guilty of a felony and upon conviction thereof, shall be imprisoned in the state penitentiary for not less than two [2] years, which sentence shall not run concurrently with any other sentence such person then be serving."

The state legislature, in 1955, enacted the Indeterminate Sentence, Pardons and Paroles Acts, § 41–17–1 et seq., N.M.S.A., 1961 Pocket Supp. Section 41–17–1, supra, provides:

"Every person who shall be convicted of a felony or other crime punishable by imprisonment in the penitentiary, if judgment be not suspended or a new trial granted, shall be sentenced to the penitentiary. The court in imposing such sentence shall sentence the person for the term as prescribed by law for the particular crime of which he was convicted. The term of imprisonment of any person so convicted shall not exceed the maximum nor be less than the minimum term fixed by law. The release of such person shall be as provided by law: * * *."

As the maximum sentence prescribed by law is not explicitly set out in § 42–1–61, supra, we must determine it in order to resolve this issue.

In State v. Maestas, 63 N.M. 67, 313 P.2d 337, this court was called upon to construe a statute with very similar penalty provisions. There, the defendant was sentenced by the trial court "for a period of not less than three years and not more than life." The statute pertaining in that case provided that the sentence to be imposed upon a person convicted of second degree murder shall be: "* * * for any period of time not less than three [3] years; * * *." Section 40–24–10, N.M.S.A., 1953 Comp. Viewing this statute in conjunction with § 41–17–1, supra, we held:

"* * * After careful consideration we are of the opinion that in the absence of a maximum set by the legislature, the maximum limit for second degree murder 'as prescribed by law', is life imprisonment. Obviously, this is so. Life imprisonment is a 'period of time not less than three (3) years', hence, it follows 'life imprisonment' is the maximum penalty imposed for the crime of second degree murder. * * *"

The Tenth Circuit Court of Appeals was called upon to construe the federal statute penalizing aggravated robbery in Binkley v. Hunter, 10 Cir., 170 F.2d 848. The defendant was tried and convicted of a violation of 12 U.S.C.A. §§ 588b and 588c. The jury made no recommendation that the death

penalty be imposed so the trial court sentenced him to life imprisonment. Section 588c, supra, provides that the punishment for such violation shall be by imprisonment for not less than ten years, or by death if the jury recommends the latter. The appellate court, in affirming the sentence imposed, stated:

"Appellant's sole contention in this case is that in the absence of a recommendation for the imposition of the death penalty, the maximum lawful sentence which may be imposed under this statute is ten years. With this contention we cannot agree. Such a construction is contrary to the clear meaning of the words 'not less than'. These words fix a minimum but clearly imply that more may be imposed. If ten years was intended to be the maximum sentence, the words 'not less than' would have no meaning and no doubt would not have been included.

\* \* \* \* \* \*

"Under a statute such as this, fixing a minimum sentence and leaving the imposition of the maximum sentence to the court, the only limitation upon the power of the court in imposing a sentence would be that of the Eighth Amendment to the Constitution, which prohibits the imposition of cruel or unusual punishments."

In Hankins v. The People, 106 Ill. 628, there was involved the validity of a fine of $250 for a first conviction under a statute providing for a fine of not less than $100 for a first conviction of the crime of keeping a gaming house, and a fine of not less than $500 for subsequent convictions. The Illinois supreme court, though intimating that the minimum fine for a subsequent conviction might furnish an appropriate maximum for the fine provided for a first conviction, upheld the $250 fine, saying:

"\* \* \* As a general rule, the exclusion of one subject or thing is the inclusion of all other things. When the legislature, in this case, excluded the power of the court to impose a fine of less than $100, it, by implication, authorized the exercise of power to impose a fine for more than that sum. It fixed the minimum, but fixed no maximum. \* \* \*"

Following the rationale of State v. Maestas, supra, we believe that a person convicted of escape from the state penitentiary shall be sentenced to imprisonment in the state penitentiary for a term of not less than two years and not more than life. Under § 41–17–1, supra, and the philosophy of the Indeterminate Sentence Act, this is necessarily so.

It may be stated that the fixing of penalties is a legislative function and what

constitutes an adequate punishment is a matter for legislative judgment. The question of whether the punishment for a given crime is too severe and disproportionate to the offense is for the legislature to determine. Territory v. Ketchum, 10 N.M. 718, 65 P. 169, 55 L.R.A. 90; Bailey v. United States, (10 C.C.A.1934), 74 F.2d 451.

 It is our view that the legislature intended by § 41–17–1, supra, that an indeterminate sentence be imposed in all cases where a person has been convicted of a felony or other crime punishable by imprisonment in the state penitentiary. The Indeterminate Sentence Act presupposes a period of probation or parole sometime between the minimum and maximum term. See Annotation, 29 A.L.R.2d 1344; 24B C.J.S. Criminal Law §§ 1992–1993.

It may not be amiss at this point to discuss briefly the basis of the indeterminate sentence law. Originally, and to some extent even today, the sentencing of convicted persons was characterized as punishment; that is, an exaction of a penalty in retribution for the offense committed. In recent times there has developed a more constructive conception of the role of incarceration. New means of protecting society from the outrages of crime are to be attempted as existing practices have proved ineffective. More than 25 years ago a national committee concluded:

"* * * that the present prison system is antiquated and inefficient. It does not reform the criminal. It fails to protect society."

1931 Report of the National Committee on Law Observance and Enforcement, cited in Ellingston, The Youth Authority Program, in Contemporary Correction 125 (Tappan ed. 1951). See also Lewis, The Offender 115 (1917).

Thus, in many states, including New Mexico, (§ 41–17–1 et seq., supra), the principles of indeterminate sentence, probation, paroles and pardons, in varying degrees, have been adopted. These advocate a break from the definite and fixed sentence in favor of an indeterminate period of punishment which would be proportioned to the progress of the prisoner toward rehabilitation. This is accomplished by making incarceration and its duration a matter within the discretion of competent parole authorities. In this manner the "punishment" is made to fit the offender rather than the crime.

In a discussion on "Setting the Maximum and Minimum Sentence," found in 26 F.R.D. 371, 374, Judge William F. Smith of New Jersey made the following pertinent observations:

"There is inherent in the indeterminate sentence an incentive conducive

to the ultimate rehabilitation of the offender. He is aware that under the program designed for him there will be a redetermination of his status from time to time and that the duration of his imprisonment may depend in large measure upon his response to reformative treatment. The offender knows that he will be released from the institution and permitted to return to the community only when he has satisfied the authorities by his conduct that this course is warranted.

"There is also inherent in the indeterminate sentence a deterrent which will strongly influence the conduct of the offender upon his return to the community. The offender is aware that his release from the institution is conditional and that his ultimate discharge from supervision will depend upon his behavior in the community. He is aware that his discharge may be achieved when his pattern of behavior satisfactorily meets the standards prescribed by the parole authorities. This deterrent is an effective guard against recidivism and consequently a protection to society."

The Congress of the United States, after long studies and hearings, has authorized the imposition of a minimum and maximum sentence for the United States Courts. 18 U.S.C.A. § 4208(a). For a further discussion on the subject of indeterminate sentence, see Vol. 7, Duke Law Journal, No. 2 (1958); Vol. 10, Western Reserve Law Review, p. 574 (1959); Pilot Institute of Sentencing, 26 F.R.D. 231–378.

We might also add that this court has held that where a defendant has allegedly been erroneously sentenced to a term of not less than five years and not more than five years, following a conviction for forgery, instead of not less than one year nor more than five years as provided by statute, and where no appeal was taken from said sentence, that mandamus does not lie to compel the board of parole to treat the sentence as having been for a term as provided by the statute. State Board of Parole v. Lane, 63 N.M. 105, 314 P.2d 602. The question as to whether mandamus is a proper remedy has not been raised in this case and hence will not be decided by us.

It follows from what has been said that the judgment appealed from should be reversed and remanded with instructions to the district court to vacate its judgment heretofore entered, and to enter a judgment discharging the peremptory writ of mandamus.

It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.

CARMODY and MOISE, JJ., not participating.