■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIE JAMES FISHER, Appellant.— Judgment convicting defendant after jury trial, on three counts of robbery in the first degree and one count of criminally carrying concealed or loaded pistol, unanimously modified on the law and the facts, so as to provide that each of the sentences of 10 to 20 years on each of the robbery counts shall run concurrently, and not consecutively; and as so modified affirmed. In our opinion, under the circumstances here, the imposition of consecutive sentences rather than concurrent sentences was excessive. While we otherwise affirm, we note that certain of the statements of the District Attorney in summation were improper, including his ill-advised comparison of the ethnic backgrounds of a witness and of the defendant in his discussion of the issue of identification. (See *People* v. *Hearns,* 18 A D 2d 922; *People* v. *Burris,* 19 A D 2d 557.) However, the improper statements on the issue of identification related only to one of the crimes charged, and, on the record here, the evidence of defendant's identification as the one who committed the several robberies was clear and convincing. So, we conclude that the prosecutor's remarks do not preclude affirmance here. (See Code Crim. Pro., § 542.) Concur — Rabin, J. P., Stevens, Eager, Bergan and Bastow, JJ.

■  FREDERICA EDELMAN, Respondent, v. IRVING EDELMAN, Appellant.— Judgment of separation unanimously modified, on the law and the facts, to provide for the payment of $80 a week by defendant for support of plaintiff and $80 a week for the support of the children of the parties; by striking out the direction for maintenance of the children in Summer camp, for cash payments to buy furniture and establish a residence, and for maintenance of insurance and for dental care; and as thus modified affirmed, without costs. The standard of living of the parties before separation and the disputed proof of defendant's net professional and business earnings suggest payments for support somewhat lower than the $200 a week fixed in the decree. The directions for payments other than alimony and support seem unwarranted. (*Ostrom* v. *Ostrom,* 270 App. Div. 872; *Donnelly* v. *Donnelly,* 272 App. Div. 779; *Adelman* v. *Adelman,* 3 A D 2d 839). Settle order on notice. Concur — Rabin, J. P., Stevens, Eager, Bergan and Bastow, JJ.