389 P.2d 203

Willard Joseph STARKEY, Petitioner-Appellee,

v.

Harold A. COX, Superintendent of the New Mexico State Penitentary, Respondent-Appellant.

No. 7346.

Supreme Court of New Mexico.

Feb. 3, 1964.

Earl E. Hartley, Atty. Gen., Joel M. Carson, J. E. Gallegos, Asst. Attys. Gen., Santa Fe, for appellant.

M. W. Hamilton, Santa Fe, for appellee.

MOISE, Justice.

This is an appeal from an order granting petitioner-appellee habeas corpus and ordering his release and discharge from custody.

The record discloses that on September 25, 1959, appellee was sentenced to serve concurrent sentences of "not less than one year" in the state penitentiary on each of two counts of sodomy. On May 11, 1962, being still incarcerated, appellee filed his petition for a writ of habeas corpus alleging that his imprisonment was illegal. Appellant made return thereto, and after hearing the trial court ordered appellee's discharge.

The order granting the writ discloses that the trial court was of the opinion that § 41–17–2, N.M.S.A.1953, had not been repealed by implication, and that this section of the law should be applied to § 40–7–7, N.M.S.A.1953, under which appellee was sentenced, and that when so applied § 40–7–7 should be construed to prescribe a maximum penalty of imprisonment of not more than one year. Based upon this construction the release of appellee was ordered. This appeal was duly perfected.

Appellant argues that the court erred in interpreting § 40–7–7, N.M.S.A.1953, as providing a maximum penalty of one year, and that under the court's decisions the maximum is life imprisonment.

§ 40–7–7, N.M.S.A.1953, provides for imprisonment "for not less than one (1)

year" of a person convicted of the crime of sodomy, or for a fine, or for both fine and imprisonment, in the discretion of the court.

In McCutcheon v. Cox, 71 N.M. 274, 377 P.2d 683, decided since the instant case arose, we held that under § 42–1–61, N.M.S.A.1953, providing a penalty of "not less than two (2) years" imprisonment upon being convicted of escaping or attempting escape from the state penitentiary, a maximum penalty of life imprisonment was intended.

There is no way to distinguish this case and McCutcheon v. Cox, supra. Appellee seems to recognize that this is true, but would argue for a different holding here because it is claimed that the authorities relied on in McCutcheon v. Cox, supra, do not support the conclusion reached in that case. We have reviewed these authorities, and the arguments made by appellee concerning them, but remain satisfied with the reasoning and conclusion there reached.

█ Although as already noted the trial court based its conclusion on an interpretation of § 40–7–7, N.M.S.A.1953, in the light of its interpretation of § 41–17–2, N.M.S.A. 1953, appellee makes no effort to support the judgment on this basis. § 41–17–2 reads:

"In all penal statutes of the state where by the terms of such statutes a definite punishment of imprisonment in the penitentiary is prescribed the time of such imprisonment in such statute shall be construed to be the maximum of imprisonment, unless such statutes expressly provide that such time is the minimum."

We fail to see the applicability of this section. § 40–7–7, N.M.S.A.1953, quoted above, specifically provides that the period of time shall be *"not less than one (1) year."* To our minds, this is an express provision of a minimum, and is the situation where under § 41–17–2, N.M.S.A.1953, the time of imprisonment is expressly not to be construed as a maximum. § 41–17–2, N.M.S.A. 1953, would require the one year sentence to be construed to be a maximum sentence if the statute fixing the term of imprisonment provided that one convicted of the offense should be sentenced for a term of one year without stating whether it is "not less than" or "not more than" that period. Such is not our case, and the statute has no application. Compare Jones v. Cox, N.M., 389 P.2d 214.

The judgment appealed from is erroneous. It is reversed and the cause remanded to the trial court with instructions to proceed in a manner consistent herewith. It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.