389 P.2d 214

Francis Lee JONES, Petitioner-Appellee,

v.

Harold A. COX, Warden, New Mexico State
Penitentiary, Respondent-Appellant.

No. 7345.

Supreme Court of New Mexico.

Feb. 3, 1964.

Earl E. Hartley, Atty. Gen., Thomas A.
Donnelly, Asst. Atty. Gen., Santa Fe, for
appellant.

Charles D. Olmsted, Santa Fe, for appellee.

NOBLE, Justice.

Francis Lee Jones pled guilty to attempted escape from the penitentiary and on September 9, 1957, was sentenced to imprisonment for a term of "not less than two years," as provided in § 42–1–61, N.M.S.A.1961 pocket part (§ 1, Ch. 143, Laws 1955) reading:

"Any person confined in the state penitentiary who shall escape or attempt to escape therefrom shall be guilty of a felony and upon conviction thereof, shall be imprisoned in the state penitentiary for not less than two [2]

years, which sentence shall not run concurrently with any other sentence such person then be serving."

Upon being denied release from the penitentiary after serving two years of the sentence for attempted escape, he sought and was granted a permanent writ of mandamus requiring the warden to treat the sentence as being one for a maximum term of two years. The warden of the penitentiary has appealed.

Subsequent to the writ of mandamus in this case we construed the provisions of the escape statute, supra, and a sentence imposed in the statutory language, as here. In McCutcheon v. Cox, 71 N.M. 272, 377 P.2d 683, upon an almost identical state of facts, the statute was held to prescribe, and the sentence to provide, a punishment with a minimum of two years and a maximum of life imprisonment. Both the escape statute, supra, and the Indeterminate Sentence, Pardons and Parole Act, § 41–17–1 et seq., N.M.S.A.1953, as well as applicable decisions, were thoroughly discussed in that opinion and we think it would serve no useful purpose to repeat the discussion. Counsel for relator recognizes the controlling force of that decision and strongly urges that it be overruled. We are not impressed that our former opinion was erroneous and decline to overturn it.

It is argued, however, that § 41–17–2, N.M.S.A.1953, not considered in either State v. Maestas, 63 N.M. 67, 313 P.2d 337, or McCutcheon, supra, requires us to reach a different result and to affirm the construction by the trial court. That provision of our statute, though enacted in 1909, has not heretofore been construed, and reads:

"CONSTRUCTION OF STATUTORY PROVISIONS PRESCRIBING TERM OF IMPRISONMENT— MAXIMUM OR MINIMUM.—In all penal statutes of the state where by the term of such statutes a definite punishment of imprisonment in the penitentiary is prescribed the time of such imprisonment in such statute shall be construed to be the maximum of imprisonment, unless such statutes expressly provide that such time is the minimum."

Petitioner asserts that the escape statute prescribes a definite punishment of imprisonment which must be construed as the maximum term. We cannot agree. Such a contention is contrary to the meaning of the words "not less than." These words fix a minimum but clearly imply that a longer sentence may be imposed. The words "not less than" would have no meaning if two years was intended by the legislature to be the maximum punishment that

could be imposed. Binkley v. Hunter (C.C. A. 10) 170 F.2d 848; McCutcheon v. Cox, supra. "It is an elementary rule of construction that effect must be given, if possible, to every word, clause and sentence of a statute." 2 Sutherland Statutory Construction (3rd Ed.) § 4705. We are satisfied that § 42–1–61, supra, does not by its terms prescribe a definite punishment, but only a minimum, and § 41–17–2, is therefore inapplicable by its own terms.

Finally, petitioner argues that we should treat § 42–1–61, supra, as though it provided no punishment and apply that prescribed by § 40–1–6, N.M.S.A.1953, to be used only when no penalty for attempt to commit a felony is otherwise provided. Having concluded that the escape statute provides a penalty, this contention is without merit. Compare Starkey v. Cox, N.M., 389 P.2d 203.

It follows from what has been said that other questions argued need not be discussed and that the case should be reversed and remanded with instructions to vacate the judgment appealed from and to enter a judgment discharging the writ of mandamus.

It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.