393 P.2d 334

**Charles D. NEWLON, Petitioner-Appellee,**

v.

**Harold A. COX, Warden, New Mexico State Penitentiary, Respondent-Appellant.**

**No. 7431.**

Supreme Court of New Mexico.

June 15, 1964.

Earl E. Hartley, Atty. Gen., Norman S. Thayer, Asst. Atty. Gen., Santa Fe, for appellant.

Charles D. Olmsted, Santa Fe, for appellee.

COMPTON, Chief Justice.

While under sentence to serve a term in the state penitentiary, the appellee escaped custody and for the offense he was sentenced to a term in the New Mexico State Penitentiary of "not less than two years," the sentence to run consecutively with the sentence he then was serving.

Subsequently, on November 14, 1962, this action, a proceeding by mandamus, was instituted against the warden to compel the petitioner's release from prison. From an order releasing the petitioner, the respondent has appealed.

The applicable statute, § 42-1-62, 1953 Comp., pocket parts, provides:

"Any person sentenced to a term in the state penitentiary who shall escape or attempt to escape custody while under such sentence, though not actually within the confines of the penitentiary, shall be guilty of a felony and upon conviction thereof shall be imprisoned in the state penitentiary for not less than two [2] years, which sentence shall not run concurrently with any other sentence such person then be serving."

The trial court concluded that the statute fixes "two years" as both the minimum and maximum sentence that may be imposed for the offense. Admittedly, if the maximum

term is two years, the petitioner, after deducting statutory and meritorious good time allowances, was entitled to be discharged.

But the court was mistaken in his appraisal of the statute. The statute is Section 2, Chapter 143, Laws 1955. While this section has not been passed upon previously by us, we have had occasion to construe Section 1 of the Act, a companion section, the penalty provisions of which are identical. In McCutcheon v. Cox, 71 N.M. 274, 377 P.2d 683, we construed the penalty provision to mean "not less than two years and not more than life." Applying the rationale of the above case, we reach the same conclusion here. It follows, the order releasing the prisoner should be reversed.

It is so ordered.

CHAVEZ and NOBLE, JJ., concur.