430 P.2d 382

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Roy Robert PETERS, Defendant-Appellant.**

**No. 8281.**

Supreme Court of New Mexico.

July 24, 1967.

Chavez & Cowper, Mayo T. Boucher, Belen, for appellant.

Boston E. Witt, Atty. Gen., Joel M. Carson, Edward R. Pearson, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

EDWARD E. TRIVIZ, District Judge.

Defendant, who is serving a sentence for escape from the Los Lunas honor farm of the New Mexico State Penitentiary, appeals from a denial of release after a combined hearing for relief under a writ of error coram nobis and Rule 93, promulgated after his writ was filed.

For background consideration of the points he raises (and hereafter detailed), defendant-appellant adverts that he entered a plea of guilty to the charge of escape from such honor farm; that such plea was actually induced by a promise of the district attorney, in furtherance of which he was initially sentenced, in effect, for two years to run concurrently, however, with time spent in jail; but that thereafter, on motion of the district attorney, the sentence was vacated, and without the defendant withdrawing his plea of guilty, the trial court directed the entry of a plea of not guilty, and after conviction by a jury, he was sentenced for a period of not less than two years; and that such indeterminate sentence contemplates life imprisonment as the maximum with two years as the minimum. At the time he was transferred from the state penitentiary to such farm, the defendant emphasizes that he was obliged to sign a trustee's pledge providing that an escape would carry an additional penalty of two years without specifying any time beyond such period.

In a prior appeal (reported as State v. Peters, 69 N.M. 302, 366 P.2d 148) by this defendant, this court determined that the honor farm was an integral part of the state penitentiary and escape from the farm was within the prohibition of § 42–1–61, N.M.S.A.1953, as amended, which reads:

"Any person confined in the state penitentiary who shall escape or attempt to

escape therefrom shall be guilty of a felony and upon conviction thereof, shall be imprisoned in the state penitentiary for not less than two [2] years, which sentence *shall not run concurrently* with any other sentence such person then be serving." (Emphasis supplied.)

The sentence initially imposed (of "not less than two years" and conditioned "to run concurrently with previous sentences being served by defendant") was held by this court in State v. Peters, supra, to be contrary to law, therefore void, and could be vacated even though it had been partially served.

To the vacation of such sentence and (after conviction by a jury) imposition of sentence in accordance with the applicable statute, the defendant complains, as resulting in excessive punishment. Resolution of the instant appeal involves four points, the first two of which were the only ones argued (with authorities submitted only in connection with the first point) and the remaining two of which were called to the court's attention pro forma.

For point one, stressing that "cruel and unusual punishment" is unconstitutional under the Eighth Amendment to the United States Constitution and article II, section 13 of the New Mexico State Constitution, defendant-appellant contends an indeterminate sentence of not less than two years for non-violent escape from the honor farm is tantamount to such punishment.

That such an indeterminate sentence of not less than two years, with no maximum statutory provision, amounts to imprisonment for life, the defendant acknowledges. McCutcheon v. Cox, 71 N.M. 274, 377 P.2d 683; State v. Morrow, 186 Kan. 342, 349 P.2d 945. Neither does he properly attack the validity of the statute under which he was sentenced, and the violation of which is unquestioned.

▆ Rather, defendant relies on cases that are neither analogous nor applicable. For instance, he refers to Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793, for a quotation from McDonald v. Commonwealth, 173 Mass. 322, 53 N.E. 874, 875, to the effect that "it is possible that imprisonment in the state prison for a long term of years might be so disproportionate to the offense as to constitute a cruel and unusual punishment." Immediately preceding such quotation, from the McDonald case, supra, is the following expression (deemed more apt here) used by the Massachusetts Supreme Judicial Court, in declaring that a habitual criminal statute was not open to objection as imposing "cruel and unusual punishment," p. 875:

"It is for the legislature to determine what acts shall be regarded as criminal and how they shall be punished. It would be going too far to say that their power is unlimited in these respects. Ordinarily, the terms 'cruel and unusual' imply something inhuman and barbarous in the nature of the punishment."

Weems v. United States, supra, referred to by the defendant, involved a case of imprisonment for twelve years and a day (for forgery or falsification of a public document), at hard and *painful* labor (emphasis supplied), with a chain at the ankle hanging from the wrist, and after such imprisonment, being "forever kept under the shadow of his crime, forever kept within voice and view of the criminal magistrate" (in the Philippines), and surveillance of the authorities during life. As the United States Supreme Court noted in the Weems case, supra, 217 U.S. p. 368, 30 S.Ct. p. 549, "it has been said that ordinarily the terms (cruel and unusual punishment) imply something inhuman and barbarous." No less inapplicable is defendant's reference to State ex rel. Garvey v. Whitaker, 48 La.Ann. 527, 19 So. 457, 35 L.R.A. 561, a Louisiana case wherein a judge of the recorder's court found three relators guilty of 72 distinct violations of one city of New Orleans public park trespass ordinance "within the space of 1 hour and 40 minutes," with only 1½ minutes intervening between the commencement of any two of such purported occurrences and decreed 2160

days (nearly six years) to the parish prison on default of payment of fines aggregating $720 for each. Considering the offense to be a continuing one, the Louisiana Supreme Court observed that "if this theory of punishment * * * be affirmed as legal, it would be equivalent to recognizing his power to sentence an individual to an indefinite period * * * in default of paying exorbitant or numerous fines for the simple infraction of a city ordinance." Other cases cited by defendant (State v. Kimbrough, 212 S.C. 348, 46 S.E.2d 273; Ford v. State, 73 Okl.Cr. 358, 121 P.2d 320; People v. Fisher, 19 N.Y.A.D.2d 613, 241 N.Y.S.2d 217) are similarly distinguishable and inapplicable.

As defendant does not properly posture an attack on the constitutionality of the statute pursuant to which he was sentenced, this point essentially resolves itself to a consideration of whether or not a sentence in accordance with such statute is invalid. Yet this court, in State v. Peters, supra, already held that the previous sentence, having been void, could be vacated even though he had already served part of it.

■■ Cruel and unusual punishment, as the court noted in Weber v. Commonwealth, 303 Ky. 56, 196 S.W.2d 465, implies a limitation upon the form and character of punishment that may be prescribed and not a limitation upon the duration. Defendant argues that the duration of his sentence here is greater than that provided for offenses he considers more aggravated. But the fact remains that "the fixing of penalties," as this court said in McCutcheon v. Cox, supra, 71 N.M. at 277–288, 377 P.2d at 686, "is a legislative function and what constitutes an adequate punishment is a matter for legislative judgment. The question of whether the punishment for a given crime is too severe and disproportionate to the offense is for the legislature to determine."

■ Without merit, therefore, is defendant's first point. Likewise without merit is defendant's point two wherein he argues, without benefit of any authority, that "the State should not be permitted to welch upon its bargain," purportedly resulting from his having signed the aforementioned trustee's pledge and having entered a plea of guilty based on a promise by the district attorney of a two-year sentence to run concurrently, whereas subsequently, on motion of the district attorney, the sentence was vacated and after conviction by a jury, the sentence, of which he now complains, was imposed.

Yet, as already noted, this court in State v. Peters, supra, determined that such sentence was contrary to statute, void and could be vacated.

■ That the state in its governmental capacity cannot be estopped (Martinez v. Cox, 75 N.M. 417, 405 P.2d 659), defendant in oral argument acknowledged. That a district attorney has no authority to make promises that a sentence will be imposed otherwise unauthorized by law must be acknowledged, as much as the fact that he cannot nullify a statute by ignoring it. State v. McCraw, 59 N.M. 348, 351, 284 P.2d 670.

Submitted pro forma (with counsel's indication, "lest any right of the appellant be prejudiced by counsel's failure to present it to this court") and without any supporting authorities, defendant's points three and four simply contend:

(Three) That he was denied due process and equal protection of the laws by failure to provide him counsel at preliminary and first arraignment (when he pleaded not guilty), and

(Four) That the action of the trial court (after vacating the sentence this court held was null and void) in directing entry of a plea of not guilty and consequent conviction by a jury, subjected him to double jeopardy.

■ Undisputed it is, though, that the district court, after defendant's arraignment, appointed counsel who represented

him at the time he entered a plea of guilty and at all other times. Nor is there any showing that defendant was prejudiced by failure to have court-appointed counsel prior to any preliminary hearing or prior to his first appearance before the district court.

However, as this court held in State v. Blackwell, 76 N.M. 445, at 446, 415 P.2d 563, at 564:

"* * * entry of a plea in the district * * * when represented by competent counsel, served as a waiver of any defects in the preliminary hearing, including failure to advise of right or to provide counsel."

See, also, Gantar v. Cox, 74 N.M. 526, 527, 395 P.2d 354; State v. Cisneros, 77 N.M. 361, 423 P.2d 45; Lattin v. Cox, 355 F.2d 397 (10th Cir. 1966); Bouldin v. Cox, 76 N.M. 93, 95, 412 P.2d 392.

In State v. Nance, 77 N.M. 39, 419 P.2d 242, appellants—as does defendant here under point four—claimed former jeopardy (by reason of their discharge in habeas corpus and subsequent jury trial resulting in conviction). Dispositive of that contention is the holding of this court in the Nance case, supra, at page 245, 419 P.2d at page 245:

"The former jeopardy clause of the constitution does not preclude a retrial of a defendant whose sentence is set aside because of an error in the proceedings leading to the sentence or conviction. * * *"

Nor, as this court held in State v. Rhodes, 76 N.M. 177, 413 P.2d 214, had jeopardy attached to these proceedings prior to any trial.

So points three and four are likewise without merit, and in view of the foregoing, the action of the trial court should be, and hereby is, affirmed.

It is so ordered.

COMPTON and CARMODY, JJ., concur.