464 P.2d 924

STATE of New Mexico, Plaintiff-Appellee,

v.

Daniel Arthur SISNEROS, Defendant-Appellant.

No. 404.

Court of Appeals of New Mexico.

Jan. 23, 1970.

Frank P. Dickson, Jr., Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, James V. Noble, Asst. Atty. Gen., for appellee.

## OPINION

WOOD, Judge.

Denied post-conviction relief under § 21-1-1(93), N.M.S.A.1953 (Supp.1969), defendant appeals. Defendant's contentions, and our answers, are:

1. Defendant committed murder in 1961. He was convicted of second degree murder. The penalty statute applicable to this offense, § 40-24-10, N.M.S.A.1953 (now repealed) provided for imprisonment " ' * * * for any period of time not less than three (3) years * * *.' " Defendant was sentenced to not less than three years nor more than the rest of his natural life. He contends this sentence is not au-

thorized by the penalty statute. His contention is erroneous.

State v. Maestas, 63 N.M. 67, 313 P.2d 337 (1957) held the penalty statute was to be read in connection with the Indeterminate Sentence Act then applicable. Section 41–17–1, N.M.S.A.1953 (now repealed). When read together, the statutes provided a maximum penalty of life imprisonment. Thus, defendant's sentence imposed both the minimum and maximum penalty prescribed by law. Torres v. State, 80 N.M. 511, 458 P.2d 586 (1969).

2. Because § 40–24–10, supra, did not specify a maximum sentence, defendant contends that statute amounts to an unconstitutional attempt to delegate a legislative power to the judiciary. We disagree. The fixing of penalties is, of course, a legislative function. McCutcheon v. Cox, 71 N.M. 274, 377 P.2d 683 (1962). When the Legislature specified the minimum penalty but specified no maximum penalty, by implication it authorized a penalty in excess of the minimum. McCutcheon v. Cox, supra, states that under the philosophy of the Indeterminate Sentence Act, § 41–17–1, supra, " * * * this is necessarily so." A maximum penalty of life imprisonment was intended. See Jones v. Cox, 73 N.M. 450, 389 P.2d 214 (1964); Starkey v. Cox, 73 N.M. 434, 389 P.2d 203 (1964). The maximum penalty being authorized by implication, there has been no delegation of legislative power.

3. Even though § 40–24–10, supra, as construed by the New Mexico Supreme Court, includes a minimum and maximum penalty, defendant seems to assert the sentencing court is vested with discretion to set the maximum term. Such discretion is asserted to be an unconstitutional delegation of legislative power. The point is without merit because § 41–17–1, supra, required the judge to sentence the defendant to the term prescribed by law. The 1955 amendment to § 41–17–1, supra, (Laws 1955, ch. 150, § 1) " * * * completely removed from the trial court any discretion in pronouncing sentences other than for the minimum and maximum provided by law for the particular offense involved. * * *" State v. Romero, 73 N.M. 109, 385 P.2d 967 (1963).

4. Defendant contends the punishment prescribed by § 40–24–10, supra, of not less than three years and not more than life, constitutes a cruel and unusual punishment prohibited by the constitution. Defendant makes no attempt to show why his sentence amounts to cruel or unusual punishment. Compare State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967). He presents neither argument nor authority in support of the proposition. State v. Rhodes, 77 N.M. 536, 425 P.2d 47 (1967). The contention presents no issue for decision. However, as to the merits of this contention, see State v. Peters, 78 N.M. 224, 430 P.2d 382 (1967).

The order denying relief is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.