· 466 P.2d 100

STATE of New Mexico, Plaintiff-Appellee,

v.

James F. TURNBOW, Defendant-Appellant.

No. 8850.

Supreme Court of New Mexico.

March 9, 1970.

Marvin Baggett, Jr., Farmington, for appellant.

James A. Maloney, Atty. Gen., Justin Reid, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

ANGEL, District Judge.

Defendant pleaded guilty in 1964 to second-degree murder and was sentenced to imprisonment of not less than three years nor more than life. He subsequently filed a petition under Rule 93 (§ 21–1–1 (93), N.M.S.A.1953 [Supp.1969]). From a denial of that petition defendant appeals, contending that he should have been sentenced to a fixed, determined number of years. We do not agree.

At the time of the offense, the applicable statutory penalty for second-degree murder was imprisonment "for any period of time not less than three years." Section 40–24–10, N.M.S.A.1953. This statute provides for a minimum but not a maximum sentence. The Indeterminate Sentence Act (now repealed) further provided, in part, in § 41–17–1, N.M.S.A.1953 (Supp. 1961):

> sentence shall sentence the person for the term as prescribed by law for the particular crime of which he was convicted. The term of imprisonment of any person so convicted shall not exceed the maximum nor be less than the minimum term fixed by law. * * *"

 The precise question presented here was considered by the court in State v. Maestas, 63 N.M. 67, 313 P.2d 337 (1957), which was reconsidered and a similar sentence upheld in Torres v. State, 80 N.M. 511, 458 P.2d 586 (1969); see also State v. Sisneros, 81 N.M. 194, 464 P.2d 924 (Court of Appeals, filed January 23, 1970). They determined that in the absence of a maximum penalty set by the legislature the maximum limit for second-degree murder "as prescribed by law" is life imprisonment. Thus the court's sentence in the present case was the proper imposition of both a minimum and maximum penalty as prescribed by law.

Can it be said that since the legislature did not provide for a maximum sentence under § 40–24–10, supra, for the sentencing court to do so is an unconstitutional delegation of legislative power? We think not.

It is well established that the fixing of penalties is exclusively a legislative function. McCutcheon v. Cox, 71 N.M. 274, 377 P.2d 683 (1962). This case holds that in prescribing a minimum penalty, but not a maximum penalty, the legislature by implication authorized a penalty in excess of the minimum. Since a maximum penalty was authorized by implication, there can be no unconstitutional delegation of legislative power. State v. Sisneros, supra; Jones v. Cox, 73 N.M. 450, 389 P.2d 214 (1964); Starkey v. Cox, 73 N.M. 434, 389 P.2d 203 (1964); State v. Frederick, 74 N.M. 42, 390 P.2d 281 (1964).

Other points raised on appeal are disposed of by what has been stated. The order denying relief is affirmed.

It is so ordered.

COMPTON and WATSON, JJ., concur.