471 P.2d 175

**Jimmie C. WILLIAMS, Plaintiff-Appellant,**

**v.**

**STATE of New Mexico, Defendant-Appellee.**

**No. 8994.**

Supreme Court of New Mexico.

June 29, 1970.

Spence & Sandenaw, Alamogordo, for appellant.

James A. Maloney, Atty. Gen., F. Stephen Boone, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

McKENNA, Justice.

This is an appeal from an order denying petitioner's Motion to Vacate Sentence pursuant to our post-conviction Rule 93 (§ 21-1-1(93), N.M.S.A.1953).

On July 8, 1953, the appellant entered a plea of guilty to murder in the second de-

gree. The court then orally announced a sentence for a term of not less than 25 years and not more than 35 years. This was a permissible sentence under the law. A commitment to such effect was issued but no written judgment or sentence was made or formally entered. Protesting his commitment, the prisoner initiated several proceedings. One of these, in 1966, resulted in the district court recognizing the absence of a written judgment and sentence. The district court then entered judgment and sentence "for a period of not less than three years nor more than life," retroactive to the date of the original commitment, July 8, 1953. There is nothing in the record to show why the court pronounced this sentence rather than the one intended to be given in 1953.

The appeal here goes to claims of error in the 1966 proceedings. The appellant claims that the penalty provisions for murder in the second degree which were in effect at the time of commission of the offense and which governed the judgment and sentence in 1966, did not authorize a life sentence as a maximum penalty.

■ We have held that the law at the time of the commission of the offense is controlling. State v. Armstrong, 61 N.M. 258, 298 P.2d 941 (1956); State v. Romero, 73 N.M. 109, 385 P.2d 967 (1963).

The statute at the time of the commission of the offense in 1952, § 40–24–10, N.M.S.A.1953 (since repealed), provided:

"Every person convicted of murder in the first degree shall suffer death unless the jury trying said cause shall specify life imprisonment in the penitentiary in lieu of death; and in case the jury trying the cause shall specify life imprisonment, the judge shall sentence the person convicted to life imprisonment. Every person convicted of murder in the second degree shall be punished by imprisonment in the state penitentiary for any period of time not less than three [3] years; every person convicted of manslaughter shall be punished by imprisonment in the state penitentiary for

a period of time not less than one [1] year nor more than ten [10] years."

Section 41–17–1, N.M.S.A.1953, in 1952, provided that the court in imposing the sentence "shall fix the maximum and minimum duration of the same."

■ Appellant recognizes that we have a settled construction that the statutory language "any period of time not less than three [3] years" permitted the imposition of life imprisonment as a maximum sentence. State v. Turnbow, 81 N.M. 254, 466 P.2d 100 (1970); Torres v. State, 80 N.M. 511, 458 P.2d 586 (1969); State v. Maestas, 63 N.M. 67, 313 P.2d 337 (1957); State v. Sisneros, 81 N.M. 194, 464 P.2d 924 (Ct.App.1970).

However, the appellant wants us to reconsider, based upon the rationale in Ruiz v. United States, 365 F.2d 500 (3rd Cir. 1966). That case construed the Virgin Islands Code (14 V.I.C. § 923), providing:

"(a) Whoever commits murder in the first degree shall be imprisoned for life.

"(b) Whoever commits murder in the second degree shall be imprisoned for not less than 5 years."

There the defendant pled guilty to second degree murder. A life sentence was imposed. On petition for correction of this sentence, the court determined that the penalty for the lesser offense of second degree murder had to be less than the penalty for the greater offense of first degree murder. The court then concluded that the second degree penalty had to be for a definite term of years and could not be for life, the penalty for first degree murder. But our statute, § 40–24–10, supra, is not comparable, for our legislature did enact a penalty for first degree greater than the penalty for second degree. The penalty for first degree could be death.

Accordingly, Ruiz, supra, is not applicable and we see no reason to undo our consistent interpretation which is certainly at least a reasonable one.

■ More troublesome is the argument that the district court should not

have imposed in 1966 a greater maximum sentence, that is, life. Before considering this aspect, we observe that "not less than three years" was a valid minimum sentence and no question has been raised in this appeal—by either side—as to that aspect of the 1966 sentence.

The appellant claims that the greater maximum sentence resulted in a violation of the constitutional guaranty against double jeopardy, citing Sullens v. United States, 409 F.2d 545 (5th Cir. 1969), and violates the spirit of the recent United States Supreme Court decision in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), which under the circumstances there presented found a more severe second sentence contrary to due process of law. He also calls to our attention the decisions of this court in State v. Berdugo, 79 N.M. 765, 449 P.2d 781 (1969), and State v. Baros, 78 N.M. 623, 435 P.2d 1005 (1968).

North Carolina v. Pearce, supra, involved a reconviction after a new trial, which is not our case; furthermore, Pearce does not say it is to be retroactively applied even if it should fit our situation. This point was presented to the Supreme Court of the United States in Moon v. State of Maryland, 395 U.S. 975, 89 S.Ct. 2135, 23 L.Ed.2d 764 (1969), but on June 8, 1970, in No. 267, October Term, 1969, the Supreme Court disposed of Moon without deciding the question of retroactivity. We further note and distinguish Sullens v. United States, supra; State v. Verdugo, supra, and State v. Baros, supra, for here there was no final, formal, written sentence or judgment imposed until 1966, which was the successful contention of the appellant in the 1966 proceedings. See State v. Morris, 69 N.M. 89, 364 P.2d 348 (1969); Zellers v. Huff, 57 N.M. 609, 261 P.2d 643 (1953). Parenthetically, we note that the record of the 1953 proceedings does not even contain minutes signed by the district judge, which was held as sufficient by our Court of Appeals to constitute a proper judgment and sentence. Nance v. State, 80 N.M. 123, 452 P.2d 192 (1969).

De facto, however, the appellant was committed and incarcerated in 1953 for a term of 25 to 35 years and, pursuant to such commitment, had served approximately 13 years at the time of sentencing in 1966. Obviously, we must agree that a term of life is more onerous than 35 years. We are mindful that the discretion of the trial judge in imposing a sentence on a convicted felon should not be lightly treated and that the sentence in 1966 was for a permissible term under the law; but we are also mindful that it was the original trial judge who thought that 35 years was a proper maximum.

In Nichols v. United States, 106 F. 672 (8th Cir. 1901), the reconsideration of a sentence and the imposition of a greater sentence was held proper because the defendant had not satisfied *or suffered any part of the punishment* of the original sentence. Here 13 years were suffered.

Workman v. United States of America, 337 F.2d 226, 227 (1st Cir. 1964), is also helpful. Before taking Workman's plea, the court advised him that it "could" entail a five-year sentence. After accepting the plea, a greater sentence was imposed. The greater sentence was permissible for the offense committed. On review, the Circuit Court stated:

"* * * [I]f a court informs a defendant prior to accepting his plea that five years is the maximum sentence, we think this must in fact be the maximum. * * * All we say is that incarceration beyond a five-year date was impermissible under the circumstances."

The court specifically found that the statement of the trial judge was not an inducement or the solicitation of an involuntary plea but proceeded, unmistakably, to grant relief under a concept of basic or fundamental fairness. Our circumstances are much more burdensome for Williams was orally sentenced in 1953 for a maximum of not more than 35 years and served 13 years under what later was determined, de jure, as no judgment or sentence at all. As we see it, fairness dictates that the

more onerous maximum of life be undone and 35 years be restored as the maximum.

From what has been said, it follows that there is no basis for the argument of the appellant that he should be immediately released from the penitentiary, but for the reason herein stated we remand with instructions to set aside the sentence appealed from and to sentence the appellant to a term of not less than three years and not more than 35 years to run from July 8, 1953.

It is so ordered.

COMPTON, C. J., and TACKETT, WATSON, and SISK, JJ., concur.