534 P.2d 777

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Oliver HOVEY, Defendant-Appellant.**

**No. 1806.**

Court of Appeals of New Mexico.

April 9, 1975.

Kathryn Jones Lauer, Lauer & Lauer, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Andrea Buzzard, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant pled guilty to shoplifting merchandise valued at more than one hundred but less than twenty-five hundred dollars. This is a fourth degree felony. Section 40A–16–20, N.M.S.A.1953 (2d Repl. Vol. 6). The trial court imposed the statutory penalty for a fourth degree felony—not less than one nor more than five years in the penitentiary. Section 40A–29–3(D), N.M.S.A.1953 (2d Repl. Vol. 6). In addition, the sentence states: "Defendant is not to be considered for parole until he has served a minimum of one (1) year." Defendant asserts the trial court had no authority to impose this limitation upon parole. We agree.

■ The fixing of penalties is a legislative function. State v. Turnbow, 81 N.M. 254, 466 P.2d 100 (1970).

■ The trial court's authority, in sentencing for a fourth degree felony, is to impose the minimum and maximum sentence provided by law. Section 40A–29–3(D), supra; State v. Romero, 73 N.M. 109, 385 P.2d 967 (1963); State v. Sisneros, 81 N.M. 194, 464 P.2d 924 (Ct.App. 1970). The Legislature has not authorized judges, in imposing sentence, to limit eligibility for parole.

The Legislature authorized the State Board of Probation and Parole to grant paroles consistent with eligibility conditions established by the Legislature. Section 41–17–24, N.M.S.A.1953 (2d Repl. Vol. 6); State v. Deats, 83 N.M. 154, 489 P.2d 662 (Ct.App.1971). The third paragraph of § 41–17–24, supra, gives the judge an opportunity to express his views concerning a prospective parole "but the final decision on parole shall be of the board."

■ The provision in the judgment providing that defendant was not to be considered for parole for a minimum of one year was beyond the court's sentencing authority, is not a valid part of defendant's sentence and does not limit the authority of the State Board of Probation and Parole to consider defendant for parole. The parole limitation is to be considered only as the recommendation of the sentencing judge.

Oral argument in this case is unnecessary; the cause is submitted for decision on the briefs. A valid sentence having been imposed, the judgment and the valid sentence are affirmed. The cause is remanded with instructions to delete the unauthorized limitation upon parole. Sneed v. Cox, 74 N.M. 659, 397 P.2d 308 (1964).

HENDLEY and SUTIN, JJ., concur.