622 P.2d 1031

STATE of New Mexico,
Plaintiff-Appellee,

v.

Moses Charles ARCHIBEQUE,
Defendant-Appellant.

No. 12905.

Supreme Court of New Mexico.

Jan. 26, 1981.

Martha A. Daly, Appellate Defender, Melanie S. Kenton, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., John G. McKenzie, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

EASLEY, Chief Justice.

Defendant Archibeque was convicted of commercial burglary and sentenced to one to five years in the penitentiary. After he had begun serving this sentence the State filed a supplemental information charging Archibeque as an habitual offender, based on four prior felony convictions. Archibeque was convicted in this proceeding, whereupon the trial court vacated the sentence on the principal offense and imposed a life sentence. Archibeque appeals. We affirm.

We inquire: (1) whether the trial court's vacating of the lesser sentence and resentencing violated the constitutional provisions against double jeopardy; and (2) whether the imposition of the life sentence is unconstitutional as constituting cruel and unusual punishment.

As to the first issue regarding double jeopardy, this Court's recent decision in *State v. James*, 94 N.M. 604, 614 P.2d 16 (1980) is controlling. In *James*, this Court held that an habitual offender proceeding is merely a sentencing procedure and hence does not involve double jeopardy. Additional support for this conclusion was recently provided by the United States Supreme Court in *U. S. v. DiFrancesco*, —— U.S. ——, 101 S.Ct. 426, 66 L.Ed.2d 328 1980. The Court held that a federal statute granting the United States the right, under specified conditions, to an appeal for the purpose of increasing the sentence imposed, did not violate the defendant's right against double jeopardy.

On the second issue, we hold that the life sentence does not constitute cruel and unusual punishment. The United States Supreme Court, in *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) upheld the mandatory imposition of a life sentence under a similar Texas statute. The Court ruled that although the Eighth Amendment prohibits

the imposition of a sentence that is grossly disproportionate to the crime, "for crimes concededly classified and classifiable as felonies, that is, as punishable by significant terms of imprisonment in a state penitentiary, the length of the sentence actually imposed is purely a matter of legislative prerogative. (Footnote omitted.)" *Id.* at 270–271, 100 S.Ct. at 1137–1138.

Absent a compelling reason, not present here, the judiciary should not impose its own views concerning the appropriate punishment for crimes. *See McCutcheon v. Cox*, 71 N.M. 274, 377 P.2d 683 (1962); *State v. Sisneros*, 81 N.M. 194, 464 P.2d 924 (Ct.App.1970); *State v. Sublett*, 78 N.M. 655, 436 P.2d 515 (Ct.App.1968). As eloquently stated by Chief Justice Watts in territorial days:

> All punishment is more or less cruel, and the kind of punishment to be inflicted upon criminals to induce reformation and repress and deter the thief from a repetition of his larcenies has generally been left to the sound discretion of the lawmaking power.

*Garcia v. Territory*, 1 N.M. 415, 417–18 (1869). The Court in *Garcia* upheld a sentence of "thirty lashes on the bare back, well laid on" pursuant to a statute imposing a sentence of thirty to sixty lashes, at the discretion of the trial court, for theft of a horse. Public policy changes with time. Not long before *Garcia* was decided, horse thieves were strung up by the neck. Though horse thieves are no longer whipped or hung in New Mexico, the policy of judicial deference to legislative pronouncements of punishment for crimes remains.

We hold that the sentence imposed here was not cruel and unusual. We affirm the decision of the trial court.

IT IS SO ORDERED.

PAYNE and RIORDAN, JJ., concur.