676 P.2d 827

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Alfonso CHAVEZ, Defendant-Appellant.**

**No. 7440.**

Court of Appeals of New Mexico.

Jan. 19, 1984.

Janet E. Clow, Chief Public Defender, Susan Gibbs, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Paul Bardacke, Atty. Gen., Carol Vigil, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

**OPINION**

BIVINS, Judge.

On October 5, 1981, defendant was sentenced to eighteen months for larceny, with fifteen months suspended, and one year as a habitual offender. He was placed on probation during the fifteen month suspension. Defendant served the other fifteen months of his sentence. In June of 1983, the District Attorney filed to revoke defendant's probation on the grounds that defendant violated conditions of the order of probation by assaulting Albert Jaramillo. At the hearing to consider revocation, defendant admitted violation of his probation. The trial court revoked defendant's probation and sentenced him to serve the fifteen months for which he was originally sentenced. Defendant appeals from the order revoking probation.

The sole issue on appeal, as stated by defendant in his brief, is whether the trial court erred in concluding that it lacked jurisdiction to order defendant to live in the La Posada Halfway House as an additional condition of his probation. We answer holding that the trial court correctly concluded it lacked jurisdiction.

In a carefully drafted order the trial court found, inter alia, that imposing the additional condition of attending the halfway house would not only be the best disposition of the case but would be in the best interests of the defendant and the public. The court also found that revocation of probation and incarceration was not appropriate under the circumstances nor in the best interests of defendant or the public. This finding no doubt was based in part upon the additional finding that treatment of defendant's mental problems was necessary for his rehabilitation and correction.

Notwithstanding those and other findings that pointed toward the propriety of imposing the additional condition, the trial court concluded that it lacked jurisdiction to allow defendant to attend the halfway house as an additional condition of his probation. The order refers to this Court's decision in *State v. Crespin,* 96 N.M. 640, 633 P.2d 1238 (Ct.App.1981).

While recognizing *Crespin* as an obstacle, defendant on appeal attempts to circumvent that holding on the basis that defendant expressly waived all double jeopardy protection. In *Crespin* such a waiver had not occurred. While it is questionable whether defendant can waive his double jeopardy rights, *see* NMSA 1978, § 30–1–10, we need not reach that question here. What precludes the trial court from imposing an additional condition of probation is the lack of power or authority. *Crespin.*

NMSA 1978, § 31–21–15(B) (Repl.Pamp. 1981) provides in part:

If the violation is established, the court may *continue or revoke the probation* and may require the probationer to serve the balance of the sentence imposed or any lesser sentence. (Emphasis added.)

In *Crespin* we said:

Even if defendant had waived his double jeopardy protection and had agreed to an increase in the length of his probation and *to an increased penalty through changed conditions of probation,* the result herein would not change. The fixing of penalties is a legislative function; the trial court's authority is to impose a penalty which has been authorized by the Legislature; a penalty which has not been authorized is void. *State v. Holland,* 91 N.M. 386, 574 P.2d 605 (Ct. App.1978); see *McCutcheon v. Cox,* 71 N.M. 274, 377 P.2d 683 (1962); *State v. Hovey,* 87 N.M. 398, 534 P.2d 777 (Ct. App.1975). The statutes cited in this opinion have not authorized a trial court to extend the length of probation or change the conditions of probation so as to increase the penalty even if a defendant is agreeable to such changes. (Emphasis added.)

*Id.* at 643, 633 P.2d 1238. Under *Crespin,* we must recognize a change in conditions of probation as an "increased penalty". While the order revoking probation does not indicate whether the imposition of the additional condition would involve extending the probation time, even if it does not, a change in the conditions of probation would exceed the statutory authority. The trial court can only "continue or revoke the probation." Section 31–21–15(B).

Thus, we hold the trial court did not err in concluding that it lacked jurisdiction to impose the additional condition. In so holding we recognize that trial courts continue to be deprived of the discretionary power to apply common sense solutions to probation violations. The facts and circumstances of this case make clear that the criminal justice system would be better served had the defendant been afforded the opportunity to obtain the rehabilitation which he needs and wants. This flaw, however, must be corrected by the Legislature, not the courts.

The order revoking defendant's probation is affirmed.

IT IS SO ORDERED.

DONNELLY, C.J., and NEAL, J., concur.