**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 13 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARK ST. CLAIR,

      Plaintiff-Appellant,

v.

NORMAN HODGES, DISTRICT
JUDGE and COUNTY OF LUNA,
N.M.,

      Defendants-Appellees.

No. 97-2295
(D.C. No. CIV-97-424-MV)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY** and **LUCERO**, Circuit Judges.

---

Mark St. Clair appeals from the district court's sua sponte dismissal of his

civil rights complaint for frivolousness pursuant to 28 U.S.C. § 1915(e)(2) and for

failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Read liberally, the

pro se complaint alleges that defendants Luna County, N.M. and state district

court judge Norman Hodges conspired to subject plaintiff to a "sham" trial which

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

resulted in his false imprisonment under an illegal sentence. The complaint seeks relief pursuant to 42 U.S.C. § 1983 in the form of actual and punitive damages and Judge Hodges' resignation.

The only fact plaintiff presents in support of his claim is that he was sentenced to a "term of natural life," even though the state's sentencing statute for capital felonies provides for "life imprisonment, and not a 'natural-life sentence.'" Compl. at 2. New Mexico courts, however, have used "life imprisonment," "term of . . . natural life" and "rest of natural life" interchangeably when discussing sentencing statutes. See, e.g., State v. Lujan, 412 P.2d 405, 408 (N.M. 1966); Shankle v. Woodruff, 324 P.2d 1017, 1017 (N.M. 1958); State v. Sisneros, 464 P.2d 924, 924-25 (N.M. Ct. App. 1970). Plaintiff was not illegally sentenced.

Additionally, we note that Judge Hodges "as a state court judge . . . is entitled to absolute immunity for his judicial acts." Schepp v. Fremont County, Wyo., 900 F.2d 1448, 1451 (10th Cir. 1990); see Mireles v. Waco, 502 U.S. 9, 12 (1991) (per curiam) (holding that judges are immune from suit for judicial acts unless those acts are "taken in complete absence of all jurisdiction"); Stump v. Sparkman, 435 U.S. 349, 362 (1978) ("[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they

- 2 -

dealt with the judge in his judicial capacity.")  In sentencing defendant in accordance with state statutory authority, Judge Hodges was acting well within his judicial capacity.

We agree with the district court that plaintiff's action is frivolous and fails to state a claim,   see 28 U.S.C. § 1915(e), and therefore AFFIRM.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge