141 F.3d 1185
 98 CJ C.A.R. 1359
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mark ST. CLAIR, Plaintiff-Appellant,
v.
Norman HODGES, District Judge and County Of Luna, N.M.,
Defendants-Appellees.
 No. 97-2295.
 United States Court of Appeals, Tenth Circuit.
 March 13, 1998.
 
 Before ANDERSON, McKAY and LUCERO, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 Mark St. Clair appeals from the district court's sua sponte dismissal of his civil rights complaint for frivolousness pursuant to 28 U.S.C. § 1915(e)(2) and for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Read liberally, the pro se complaint alleges that defendants Luna County, N.M. and state district court judge Norman Hodges conspired to subject plaintiff to a "sham" trial which resulted in his false imprisonment under an illegal sentence. The complaint seeks relief pursuant to 42 U.S.C. § 1983 in the form of actual and punitive damages and Judge Hodges' resignation.
 
 
 3
 The only fact plaintiff presents in support of his claim is that he was sentenced to a "term of natural life," even though the state's sentencing statute for capital felonies provides for "life imprisonment, and not a 'natural-life sentence.' " Compl. at 2. New Mexico courts, however, have used "life imprisonment," "term of ... natural life" and "rest of natural life" interchangeably when discussing sentencing statutes. See, e.g., State v. Lujan, 76 N.M. 111, 412 P.2d 405, 408 (N.M.1966); Shankle v. Woodruff, 64 N.M. 88, 324 P.2d 1017, 1017 (N.M.1958); State v. Sisneros, 81 N.M. 194, 464 P.2d 924, 924-25 (N.M.Ct.App.1970). Plaintiff was not illegally sentenced.
 
 
 4
 Additionally, we note that Judge Hodges "as a state court judge ... is entitled to absolute immunity for his judicial acts." Schepp v. Fremont County, Wyo., 900 F.2d 1448, 1451 (10th Cir.1990); see Mireles v. Waco, 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam) (holding that judges are immune from suit for judicial acts unless those acts are "taken in complete absence of all jurisdiction"); Stump v. Sparkman, 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) ("[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.") In sentencing defendant in accordance with state statutory authority, Judge Hodges was acting well within his judicial capacity.
 
 
 5
 We agree with the district court that plaintiff's action is frivolous and fails to state a claim, see 28 U.S.C. § 1915(e), and therefore AFFIRM.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 *
 The case is unanimously ordered submitted without oral argument pursuant to Fed. R.App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3